COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judges Willis and Bray
Argued at Norfolk, Virginia


JEREMY KENT LANE
                                        OPINION BY
v.         Record No. 0788-94-1    JUDGE JERE M. H. WILLIS, JR.
                                          JULY 25, 1995
COMMONWEALTH OF VIRGINIA

           FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                   Alfred W. Whitehurst, Judge

           Michael F. Fasanaro, Jr. (Abrons, Fasanaro &
           Sceviour, on brief), for appellant.

           Robert B. Condon, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on
           brief), for appellee.


     On appeal from his conviction of second degree murder,

Jeremy Kent Lane contends that the trial court erred in admitting

into evidence an oral statement by him that had not been

disclosed pursuant to Rule 3A:11.  We find no error and affirm

the judgment of the trial court.

     Pursuant to Rule 3A:11, the defense moved for disclosure of

"a summary of any and all oral statements made by the defendant."

 In response, the Commonwealth's Attorney delivered to defense

counsel a copy of Officer Murphy's investigative notes and a

summary of Murphy's proposed testimony.

     On June 20, 1993, shortly before 3:00 a.m., Lane stabbed

Christopher Russell in the parking lot of 1423 East Ocean View

Avenue in the City of Norfolk.  Russell had gone to that address

to pick up his sister.  Approaching Lane, Russell held up his

hands and said, "Look, all I want is my sister." Lane responded, "Do you want a piece of this or a piece of me?" Lane then stabbed Russell in the chest.

When Officer Murphy arrived on the scene, he saw Russell's body on the ground and heard Lane arguing with Shane Houston. Houston accused Lane of stabbing Russell. Murphy asked Lane to sit in the police car while he investigated. After Murphy spoke to the other witnesses, he placed Lane under arrest and advised him of his Miranda rights. Murphy testified that when he later returned to his car to complete an investigative report, Lane said, "[H]e didn't know why people were accusing him of stabbing Mr. Russell. He said that they were fighting. He said that while they were fighting, that somebody had come running through the parking lot, ran up and stabbed his friend and then took off running, and he didn't know the identity of the person who did the stabbing."

Lane's foregoing statement was not recited in Officer Murphy's investigative notes and was not disclosed in discovery. When asked why he had not set forth the statement in his notes, Officer Murphy replied, "I just didn't write it in the notes. I don't know why I didn't write it."

Lane initially defended the case on grounds of self-defense. Accordingly, he initially admitted stabbing Russell, but contended that he did so of necessity to save himself from serious harm. He argues that the interjection into the case of

- 2 -

his statement denying that he had stabbed Russell impeached his credibility and jeopardized his defense. He argues that he was surprised by the statement and was thus lured into an unsuccessful defense. He argues that by failing to disclose the statement in discovery, the Commonwealth's Attorney violated Rule 3A:11. He rejected the trial court's offer of a continuance and declined to move for a mistrial, insisting that the proper remedy was the exclusion of the statement. The trial court ruled that it would admit the statement into evidence and would permit Lane to challenge it by cross-examination. Lane contends that the trial court erred in admitting the statement into evidence. We disagree.

Rule 3A:11(b)(1), which governs the discovery of statements by the accused in criminal cases, provides:

> Upon written motion of an accused a court shall order the Commonwealth's attorney to permit the accused to inspect . . . any relevant (i) written or recorded statements or confessions made by the accused . . . or the substance of any oral statements or confessions made by the accused to any law enforcement officer, the existence of which is known to the attorney for the Commonwealth. . . .

The record is silent as to whether the Commonwealth's Attorney knew of Lane's statement at the time discovery was made or at any time prior to trial. Thus, the record provides no basis for a determination whether the statement was actually "known to the attorney for the Commonwealth." However, knowledge of that statement is imputed to the Commonwealth. "[I]nformation known to the police is information within the Commonwealth's knowledge

and the prosecutor is obliged to disclose [it] regardless of the state of his actual knowledge." Knight v. Commonwealth, 18 Va. App. 207, 214, 443 S.E.2d 165, 169 (1994) (citation omitted). Nevertheless, the record contains nothing to suggest that the Commonwealth's Attorney withheld the statement intentionally. Thus, it appears from the record that the statement was withheld from discovery in violation of Rule 3A:11, but that this violation was inadvertent, not intentional.

> The relief to be granted upon a violation of Rule 3A:11 is within the discretion of the trial court, giving due regard to the right of the accused to call for evidence in his favor and to investigate and evaluate the evidence in preparation for trial. In certain cases, a court may ensure this right only by granting a continuance to allow the accused an opportunity to assess and develop the evidence for trial.

Frye v. Commonwealth, 231 Va. 370, 383-84, 345 S.E.2d 267, 277 (1986) (citations omitted). Lane declined the trial court's offer of a continuance and declined to move for a mistrial. We find no abuse of discretion in the trial court's admission of the statement into evidence and its ruling that the effect of the statement should be tested by cross-examination.

> When a discovery violation does not prejudice the substantial rights of the defendant, a trial court does not err in admitting undisclosed evidence.

Davis v. Commonwealth, 230 Va. 201, 204, 335 S.E.2d 375, 377 (1985). Lane declined to move for a remedy that would have permitted him to accommodate his defense to the discovered statement. He sought only suppression of the truth. Under those circumstances, the admission of the statement into evidence did

- 4 -

not unjustly prejudice Lane's presentation of his defense.

The judgment of the trial court is affirmed.

<u>Affirmed</u>.