COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Humphreys and Senior Judge Overton
Argued at Chesapeake, Virginia


JERMAINE ALONZO AUSTIN
                                         OPINION BY
v.    Record No. 1754-99-2         JUDGE SAM W. COLEMAN III
                                         AUGUST 1, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    Robert W. Duling, Judge

          Elwood Earl Sanders, Jr., Appellate Defender
          (Public Defender Commission, on briefs), for
          appellant.

          Steven A. Witmer, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Jermaine Alonzo Austin was indicted for distribution of

cocaine in violation of Code § 18.2-248.  At trial, Austin moved

to strike the evidence, arguing that the evidence failed to

prove he distributed cocaine or that the cocaine found on his

person was once part of the drugs allegedly distributed.  The

trial judge granted the motion to strike the charge of

distribution of cocaine but convicted Austin of possession of

cocaine in violation of Code § 18.2-250.  On appeal, Austin

argues that the trial judge erred in convicting him of

possession of cocaine because that offense is not a

lesser-included offense of the charge for which he was tried.

We disagree and affirm the conviction.

BACKGROUND

At approximately 6:50 p.m., Richmond Police Officer William Bingham was conducting surveillance on Admiral Gravely Boulevard. Bingham was positioned in a wooded area across the street from Austin. Bingham, using a "20 power spotting scope," observed Austin, holding a plastic bag containing a white rock-like substance, approach a van. He then observed Austin give the driver of the van some of the substance in the bag; in turn, the driver gave Austin money.

Bingham radioed other officers to apprehend Austin, informing the officers that Austin placed the plastic bag, which contained the remainder of the substance, in his right pants pocket. The officers retrieved from Austin's pocket the plastic bag containing the white rock-like substance, $280, and a beeper. The rock-like substance tested positive for cocaine.

ANALYSIS

Austin, relying on Rhodes v. Commonwealth, 223 Va. 743, 292 S.E.2d 373 (1982), contends that possession of cocaine is not a lesser-included offense of distribution of cocaine. Thus, he argues he had no notice of and no reason to defend against the possession charge for which he was convicted. He further contends that our decision in Patterson v. Commonwealth, 19 Va. App. 698, 702, 454 S.E.2d 367, 369-70 (1995), which holds that possession is a lesser-included offense of distribution, and the Supreme Court's

earlier decision in Spear v. Commonwealth, 221 Va. 450, 457, 270 S.E.2d 737, 742 (1980), which states that "intentional possession . . . is a lesser included offense of manufacturing," are in conflict with and distinguishable from Rhodes and, thus, the Supreme Court's holding in Rhodes controls.

> An accused may be acquitted of a greater offense but convicted of a lesser offense, if the lesser offense is "substantially charged" in the indictment. Ashby v. Commonwealth, 208 Va. 443, 444-45, 158 S.E.2d 657, 658 (1968). "A lesser included offense is an offense which is composed entirely of elements that are also elements of the greater offense." Kauffmann v. Commonwealth, 8 Va. App. 400, 409, 382 S.E.2d 279, 283 (1989).

Patterson, 19 Va. App. at 701, 454 S.E.2d at 369.

Austin's reliance on Rhodes is misplaced. In Rhodes, the defendant was suspected of manufacturing phencyclidine (PCP). During the investigation, police officers followed the defendant to his parents' farmhouse. In the woods surrounding the house, the officers found several items commonly used in the manufacture of PCP. The officers obtained and executed a search warrant for the farmhouse and discovered many articles used in manufacturing PCP, various chemicals used in manufacturing the drug, and thirty grams of finished PCP in several abandoned vehicles on the property. The defendant was apprehended in his car at a truck stop. In the defendant's car, the officers found a plastic bag containing cigarettes laced with PCP.

The defendant was charged with manufacturing PCP, based on the evidence found at the farmhouse and in the abandoned vehicles, and was charged with possession of PCP, based on the evidence found in his car. The offenses were tried separately, and the defendant was acquitted of the possession charge. At the trial for the manufacturing charge, the Commonwealth was permitted to introduce evidence of the defendant's possession of the PCP laced cigarettes. The defendant was convicted of manufacturing PCP.

On appeal, Rhodes argued that the trial court erred in admitting the evidence of the PCP laced cigarettes. He argued that the Commonwealth was collaterally estopped from using the evidence because he had been acquitted of the possession charge. The Supreme Court affirmed the conviction, holding that the conviction did not violate the Double Jeopardy Clause because the "defendant was not, in the manufacturing case, on trial for the crime of possession of PCP found in his car." 223 Va. at 748, 292 S.E.2d at 376. While the Court stated that, "[p]ossession and manufacturing are two separate and distinct offenses, each of which requires proof of a fact which the other does not," id., the statement was made in the context of the facts of that case, which involved separate and distinct offenses committed on separate occasions. The Court specifically noted that the possession charge required proof of facts and circumstances that were separate and distinct from those of the manufacturing charge. The

- 4 -

Court expressly noted that the case was distinguishable "from one in which a defendant, accused of the manufacture or distribution of controlled drugs, is also charged with possession of the same drugs, at the same time and place." Id. at 748 n.1, 292 S.E.2d at 376 n.1. We find that Rhodes is distinguishable from and not controlling of the instant case.

In Patterson, 19 Va. App. at 702, 454 S.E.2d at 369-70, we held that possession of a controlled substance is a lesser-included offense of manufacture of a controlled substance. We concluded that, in order to plant, cultivate, grow, or harvest marijuana, one must necessarily possess the marijuana. All of the elements of possession of a controlled substance are included within the elements of manufacturing a controlled substance.

In Spear, 221 Va. 450, 270 S.E.2d 737, the defendant was charged with manufacturing with intent to distribute methamphetamine. He was convicted after a jury trial of "manufacturing methamphetamine, or possession of methamphetamine with intent to manufacture methamphetamine." The defendant argued that the trial court erred in instructing the jury that, if they found that the defendant manufactured methamphetamine or possessed methamphetamine with the intent to manufacture, they should find him guilty. The defendant argued that it was impossible to determine from the verdict whether he was convicted of manufacturing methamphetamine or possession with intent to

manufacture methamphetamine.  The Supreme Court reversed the conviction, holding that "[m]anufacturing and possession with intent to manufacture are not one and the same" and the trial court had erred in granting an instruction which allowed the jury to find the defendant guilty of manufacturing upon proof that he possessed with the intent to manufacture.  221 Va. at 457, 270 S.E.2d at 741-42.  However, in further addressing the distinctions between the offenses, the Court stated that "the intentional possession of methamphetamine is a lesser included offense of manufacturing."  Id. at 457, 270 S.E.2d at 742.

Although neither Rhodes nor Spears addresses whether possession is a lesser-included offense of distribution, Patterson and the rationale in Spears support the conclusion that possession of a controlled substance is a lesser-included offense of distribution of that controlled substance.  Code § 18.2-248 prohibits and makes unlawful the distribution of a controlled substance.  See generally Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975) (stating that to establish distribution of a controlled substance, the Commonwealth must prove that the defendant knew the nature and character of the materials he was charged with distributing).  Code § 18.2-250 makes it unlawful for any person to knowingly or intentionally possess a controlled substance.  See Gillis v. Commonwealth, 215 Va. 298, 301, 208 S.E.2d 768, 771 (1974) ("To establish possession

of a controlled substance, it generally is necessary to show that the defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it."). Proof of the elements of the offense of feloniously, knowingly, and intentionally distributing a controlled substance necessarily encompasses proof of the possession of that same controlled substance. Therefore, the offense of possessing a controlled substance as proscribed by Code § 18.2-250 is a lesser-included offense of distribution of a controlled substance as proscribed by Code § 18.2-248.

We find that the trial judge did not err in convicting Austin of possession of cocaine. Accordingly, we affirm the conviction.

<u>Affirmed.</u>