COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Frank and Humphreys
Argued at Chesapeake, Virginia


JERMAINE S. DOSS

                                    MEMORANDUM OPINION* BY
v.    Record No. 1319-00-1          JUDGE RICHARD S. BRAY
                                       OCTOBER 16, 2001
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
                   Everett A. Martin, Jr., Judge

           James O. Broccoletti (Zoby & Broccoletti, on
           brief), for appellant.

           Amy L. Marshall, Assistant Attorney General
           (Mark L. Earley, Attorney General, on brief),
           for appellee.


     Jermaine S. Doss (defendant) was convicted by a jury of

first-degree murder, burglary, conspiracy, and related firearm

offenses, violations of Code §§ 18.2-32, -90, -22 and -53.1,

respectively.  On appeal, he contends the trial court erroneously

admitted into evidence certain telephone records and related

testimony and hearsay statements of the victim.  Finding no error,

we affirm the convictions.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.  In accordance with well established

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

principles, we consider the evidence in the light most favorable to the Commonwealth.  See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

I.

On March 23, 1998, defendant hired Nathaniel McGee to kill James M. Webb (the victim), furnished McGee with the murder weapon and drove him to the victim's home.  Following defendant's directions, McGee entered the house and shot and killed the victim.  McGee later confessed his crime to police and detailed defendant's complicity.

Subsequently indicted for murder, burglary, conspiracy and related firearm offenses, defendant retained an attorney, Mr. Shelton, to represent him.  In preparation for trial, the Commonwealth issued subpoenas duces tecum to two telephone companies, Primeco Personal Communications (Primeco) and Alltel Communications (Alltel), for certain phone records.  Upon receipt, such records were filed in the clerk's office of the trial court pursuant to Rule 3A:12(b).  However, prior to trial, the Commonwealth "nolle prossed" the indictments.

On November 3, 1999, defendant was again indicted for the subject offenses and, shortly thereafter, retained attorney Curtis T. Brown as counsel.  On December 7, 1999, pursuant to defendant's written motion, the trial court entered a discovery order directing the Commonwealth to

-

> permit counsel for the defendant to inspect
> and copy or photograph designated books,
> papers, documents, tangible objects,
> buildings or places, or copies or portions
> thereof, that are within the possession,
> custody or control of the Commonwealth upon
> a showing that items sought may be material
> to the preparation of the accused's defense
> and that the request is reasonable; . . . .

At trial, the Commonwealth moved to introduce into evidence the Primeco phone records received by subpoena incident to the earlier prosecution. Defendant objected, arguing that such records had not been provided to his present attorney, Mr. Brown, pursuant to the discovery order. In response, the Commonwealth contended the records were not embraced by the order, had been furnished to defendant's previous attorney, Mr. Shelton, and were continuously available for inspection in the clerk's office. The court overruled the objection and admitted the Primeco records, together with related testimony, into evidence. Similarly, numerous hearsay objections were unsuccessfully raised before the trial court.

Defendant was convicted by the jury, resulting in the instant appeal.

## II.

Defendant first contends the trial court erroneously admitted the Primeco phone records and attendant testimony, arguing he had

-

no notice of the subpoena duces tecum as required by Rule 3A:12,[1] and the material was not provided to him in compliance with the court's discovery order.

"There is no constitutional right to discovery in a criminal case . . . ." Lowe v. Commonwealth, 218 Va. 670, 679, 239 S.E.2d 112, 118 (1977). However, on December 7, 1999, the trial court entered a discovery order pursuant to Rule 3A:11,[2] granting defendant limited discovery. Nevertheless, "[w]hen a discovery violation does not prejudice the substantial rights of a defendant, a trial court does not err in admitting undisclosed evidence." Davis v. Commonwealth, 230 Va. 201, 204, 335 S.E.2d

_____

[1] Rule 3A:12(b) states, in part:

> Upon notice to the adverse party and on affidavit by the party applying for the subpoena that the requested writings or objects are material to the proceedings and are in the possession of a person not a party to the action, the judge or the clerk may issue a subpoena duces tecum for the production of writings or objects described in the subpoena.

[2] Rule 3A:11 states, in part:

> Upon written motion of an accused a court shall order the Commonwealth's attorney to permit the accused to inspect and copy or photograph designated books, papers, documents, tangible objects, buildings or places, or copies or portions thereof that are within the possession, custody, or control of the Commonwealth, upon a showing that the items sought may be material to the preparation of his defense and that the request is reasonable.

-

375, 377-78 (1985). Thus, assuming without deciding, the Primeco phone records were within the scope of such discovery order and, further, that requisite notice of the subpoena _duces_ _tecum_ was not provided to trial counsel, reversal of the convictions is not necessarily the appropriate remedy.

The instant record discloses that the disputed evidence was introduced through the Commonwealth's direct examination of Susan Connolly, Primeco's custodian of the subpoenaed material, thereby affording defendant the opportunity to cross-examine the witness with respect to the documents, his personal phone records. Defendant did not move the court to continue or recess the proceedings to facilitate preparation for such examination or otherwise accommodate his related defense. "He sought only suppression of the truth." _Lane_ _v._ _Commonwealth_, 20 Va. App. 592, 595, 459 S.E.2d 525, 526 (1995). Under such circumstances, admission of the evidence did not prejudice the defense, and reversal is not the required remedy.[3]

---

[3] Defendant also contends the trial court erroneously admitted the victim's Alltel phone records and related testimony. However, by order entered on March 1, 2001, appellate review was limited to "whether the trial court erred in admitting testimony regarding telephone records pertaining to appellant's account with Primeco, which appellant alleges violated the discovery order."

Moreover, defendant did not object to the admission of these records at trial, and Rule 5A:18 bars consideration of this issue on appeal. _See_ Rule 5A:18 ("No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . .").

III.

Defendant next contends that, through the testimony of Diane Webb, John Blackowski, John Hackney, and Officer Edward Palovich, the trial court impermissibly admitted hearsay statements of the victim. We disagree.

"Hearsay is a statement, other than one made by the declarant while testifying at trial, which is offered to prove the truth of the matter asserted." Clark v. Commonwealth, 14 Va. App. 1068, 1070, 421 S.E.2d 28, 30 (1992). "Unless it is offered to show its truth, an out-of-court statement is not subject to the rule against hearsay and is admissible if relevant." Church v. Commonwealth, 230 Va. 208, 212, 335 S.E.2d 823, 825 (1985). "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988) (citation omitted).

Guided by such principles, we examine the challenged testimony seriatim.

A.

During trial, the prosecutor inquired of Diane Webb, the victim's wife, "What did [the victim] tell you?" during her last conversation with him. Defendant objected, asserting the question sought inadmissible hearsay. In response, the Commonwealth proffered that the witness would "describe [the victim's] statement of a debt owed to him, that a debt was owed to him,"

-

evidence not to prove the debt but, rather, "as a statement of [the victim's] attitude towards [the defendant] at that time." The trial court overruled the objection, and the witness testified that

> [she] was concerned about [the victim] and asked him what he was doing at the Norfolk City Jail. He went on to tell me about this money that was owed to him which it wasn't the first time I had heard it, but he went on to say that he went after his money. He went to a beauty shop and I guess threatened somebody or said something and he wound up in jail . . . .

In Church, 230 Va. at 211-15, 335 S.E.2d at 825-27, the Supreme Court of Virginia determined the statement of a child/victim describing "sex" to her mother as "dirty, nasty and it hurt," was not hearsay, reasoning "[t]he Commonwealth did not offer the child's statement to prove" the truth of her characterization of sex but, "[r]ather, . . . to show the child's attitude toward sex, an attitude likely to have been created by a traumatic experience. . . . Thus, the . . . statement was . . . admissible as circumstantial evidence tending to establish the probability of a fact in issue." Id. at 212, 335 S.E.2d at 825-26.

Similarly, here, the disputed testimony was not offered to prove defendant was indebted to the victim but, rather, to show a relationship between defendant and the victim and the victim's "attitude" toward defendant. Because motive is "'relevant and often most persuasive upon the question of the actor's intent,'"

-

the Commonwealth was entitled to develop such evidence.  Archie v.

Commonwealth, 14 Va. App. 684, 690, 420 S.E.2d 718, 722 (1992)

(quoting Epperly v. Commonwealth, 224 Va. 214, 232, 294 S.E.2d

882, 892-93 (1982)).

   Defendant further complains the trial court erroneously

permitted Ms. Webb to testify that "[the victim] told [her] . . .

he was probably going to lose his life over this money."  However,

defendant failed to raise a timely objection to such testimony,

precluding consideration of the issue on appeal.  Rule 5A:18;

Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631

(1991).

                              B.

   Defendant next challenges the trial testimony of John

Blackowski.  Blackowski testified, over defendant's hearsay

objection, that he had

>       called [the victim] to go to Wal-Mart and
>       halfway there I went to his house.  He drove
>       halfway there.  I asked him why are we going
>       this way.  Oh, I wanted to drive by that
>       beauty salon.  The guy there owes me money.
>       And we proceeded to go to . . . Super
>       K-Mart.

The court admonished the jury:  "Ladies and gentlemen, this is

not admissible to show that any debt did in fact exist, but to

show the decedent's feelings for the defendant."  Thus, once

again, the victim's statement was not offered to prove the truth

of the matter asserted, but only to establish his relationship and

attitude toward defendant.

                              -

C.

At trial, John Hackney testified, over defendant's hearsay objection, that he observed cocaine transactions between the victim and defendant, "wasn't happy with the situation," and that the victim "was angry" with defendant.  However, hearsay is "primarily testimony which consists [of] a narration by one person of matters told him by another," Williams v. Morris, 200 Va. 413, 417, 105 S.E.2d 829, 832 (1958), and Hackney simply recalled his perceptions, without relating "matters told him by" the victim.  See id.  Thus, the disputed testimony was not hearsay.

D.

Defendant similarly objected to the admission of certain testimony from Officer Palovich, and the record reflects the following exchange:

> [PROSECUTOR]:  In talking to [the victim]
> did he make statements about [defendant]?
>
> A.  Yes, he did.
>
>  *      *      *      *      *      *      *
>
> Q.  Did he indicate that there was some kind
> of problem or disagreement with [defendant]?
>
> [DEFENSE ATTORNEY]:  Your Honor, once again
> now he's going to the details of it.
>
> THE COURT:  Sustained.  I think you are
> getting close to substance.

Thus, defendant's contention that the court erroneously allowed "the testimony about [the victim's] statements to the officer[]

-

about [the defendant]," is belied by the record.  Officer Palovich was permitted to relate only that "statements" were made to him by the victim "about" defendant, but was not allowed to recount the substance of such remarks.

We, therefore, find no reversible error or abuse of discretion in the admission of evidence pertaining to either the telephone records or the testimony in issue and, accordingly, affirm the convictions.

<u>Affirmed.</u>