COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Elder and Frank
Argued at Chesapeake, Virginia


KELLY MARIE LOGAN

                                              OPINION BY
v.       Record No. 2216-03-1         JUDGE ROBERT P. FRANK
                                              AUGUST 3, 2004
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF SUSSEX COUNTY
Robert G. O'Hara, Jr., Judge

Steven Brent Novey (Tomko & Novey, on brief), for appellant.

(Jerry W. Kilgore, Attorney General; Leah A. Darron, Assistant
Attorney General, on brief), for appellee.  Appellee submitting on
brief.


Kelly Marie Logan (appellant) was convicted in a bench trial of delivering marijuana to a

prisoner, in violation of Code § 18.2-474.1.  She argues on appeal that the trial court erred in

denying her motion to dismiss the charge on double jeopardy grounds.  Finding no violation of

double jeopardy principles, we affirm the conviction of delivering marijuana to a prisoner.

On December 22, 2002, appellant confessed to delivering marijuana to a prisoner in the

Sussex prison.  She was charged with a misdemeanor of possessing marijuana, in violation of Code

§ 18.2-250.1, and with a felony of delivering marijuana to a prisoner, in violation of Code

§ 18.2-474.1.  On March 6, 2003, the General District Court for Sussex County accepted appellant's

guilty plea to the misdemeanor and her waiver of a preliminary hearing on the felony.  The grand

jury certified the felony conviction on March 11, 2003.  Appellant did not appeal the misdemeanor.

Appellant filed a motion to dismiss the felony charge.  She argued that double jeopardy

principles precluded conviction of the felony delivering charge because she was previously

convicted of the misdemeanor possession charge based on the same evidence and the possession

charge is a lesser-included offense of the felony offense. The trial court heard the evidence on the

offense, convicted appellant of the felony, and then denied the motion to dismiss. The court opined

that Blockburger v. United States, 284 U.S. 299 (1932), did not apply to this case.

On appeal, appellant argues possession of marijuana is a lesser-included offense of Code

§ 18.2-474.1, delivering marijuana to a prisoner. She asks that the felony offense, which is the

only offense before us on appeal, be reversed as that conviction violates double jeopardy

protections against being punished twice for the same act. We find that possession of marijuana

is not a lesser-included offense of Code § 18.2-474.1.

Blockburger held, in part:

> The applicable rule is that where the same act or transaction
> constitutes a violation of two distinct statutory provisions, the test
> to be applied to determine whether there are two offenses or only
> one, is whether each provision requires proof of a fact which the
> other does not. Gavieres v. United States, 220 U.S. 338, 342
> [(1911)], and authorities cited. In that case this court quoted from
> and adopted the language of the Supreme Court of Massachusetts
> in Morey v. Commonwealth, 108 Mass. 433 [(1871)]: "A single
> act may be an offense against two statutes; and if each statute
> requires proof of an additional fact which the other does not, an
> acquittal or conviction under either statute does not exempt the
> defendant from prosecution and punishment under the other."
> Compare Albrecht v. United States, 273 U.S. 1, 11-12 [(1927)],
> and cases there cited.

Id. at 304. In applying this test, the courts examine the offenses as codified, without reference to

the particular facts of the case. Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732,

734 (2001). Therefore, in order to evaluate appellant's claim, we must consider the elements of

the crimes involved.

Code § 18.2-474.1 provides:

> any person who shall willfully in any manner deliver, attempt to
> deliver, or conspire with another to deliver to any prisoner
> confined under authority of the Commonwealth of Virginia, or of

any political subdivision thereof, any drug which is a controlled substance regulated by the Drug Control Act in Chapter 34 of Title 54.1 or marijuana, shall be guilty of a Class 5 felony.

Appellant argues this statute is the equivalent of Code § 18.2-248,[1] which criminalizes distribution of controlled substances. She contends, as possession[2] is a lesser-included offense of distribution of a controlled substance, according to Austin v. Commonwealth, 33 Va. App. 124, 531 S.E.2d 637 (2000), then possession of marijuana is a lesser-included offense of delivering marijuana to a prisoner. However, her analysis ignores a substantial difference between the distribution and delivering statutes.

In order to manufacture, sell, give, distribute, or possess a controlled drug, which is an element of the crime of distribution under Code § 18.2-248, "necessarily encompasses proof of the possession of that same controlled substance." Id. at 129, 531 S.E.2d at 639. In proving a defendant manufactured, sold, gave, distributed, or possessed the controlled substance, the prosecution must prove that defendant possessed the substance. The same analysis does not apply to Code § 18.2-474.1.

The crime of delivering a controlled substance to a prisoner does not require proof of possession. Under Code § 18.2-474.1, while a defendant is guilty if she actually delivers drugs in her possession to a prisoner, a defendant is also guilty of delivery to a prisoner if the evidence proves an attempt to deliver drugs or a conspiracy to deliver drugs. In such cases, the Commonwealth need not prove actual possession of the drugs, only that the defendant attempted or conspired to deliver drugs to the prisoner. Neither attempt nor conspiracy to deliver the

---

[1] Code § 18.2-248 criminalizes, in part, the "[m]anufacturing, selling, giving, distributing or possessing" of a controlled substance "with intent to manufacture, sell, give or distribute a controlled substance."

[2] Code § 18.2-250.1 states, "It is unlawful for any person knowingly or intentionally to possess marijuana . . . ."

marijuana requires proof that the defendant actually possessed marijuana.  See Lewis v.

Commonwealth, 15 Va. App. 337, 341, 423 S.E.2d 371, 374 (1992) ("[A]ctual possession of the

contraband is not required to establish the offense" of attempt to deliver marijuana to a prisoner

in violation of Code § 18.2-474.1.); Fortune v. Commonwealth, 12 Va. App. 643, 647, 406

S.E.2d 47, 48-49 (1991) (noting conspiracy has two elements: (1) the *actus reus,* an agreement

between people, and (2) the *mens rea*, the intent to achieve an unlawful act).  As a defendant can

take sufficient acts toward the conspired or attempted delivery without actually possessing

marijuana, possession of marijuana is not a lesser-included offense of delivering under the

Blockburger test.

We affirm the felony conviction.

Affirmed.

Benton, J., concurring.

Kelly Logan delivered marijuana to a prisoner and was convicted of the misdemeanor of possessing marijuana in violation of Code § 18.2-250.1. At a later trial, she was convicted of the felony of delivering that same marijuana to a prisoner in violation of Code § 18.2-474.1. Logan contends that her conviction for possession of marijuana is a lesser-included offense of her second conviction for delivering marijuana to a prisoner. Thus, she contends that the felony conviction violates the double jeopardy protection against being twice punished for the same act.

For purposes of double jeopardy, "the test to be applied to determine whether there are two offenses or only one, is whether each [statutory] provision requires proof of a fact which the other does not." Blockburger v. United States, 284 U.S. 299, 304 (1932). Applying this test in Whalen v. United States, 445 U.S. 684 (1980), the United States Supreme Court noted that although courts should not look to the facts as alleged in the indictments, id. at 694 n.8, courts should look at the elements of the offense as alleged in the indictments. Thus, in Whalen, the Supreme Court ruled as follows:

> In this case, resort to the Blockburger rule leads to the conclusion that Congress did not authorize consecutive sentences for rape and for a killing committed in the course of the rape, since it is plainly not the case that "each provision requires proof of a fact which the other does not." A conviction for killing in the course of a rape cannot be had without proving all the elements of the offense of rape. The Government contends that felony murder and rape are not the "same" offense under Blockburger, since the former offense does not in all cases require proof of a rape; that is, [the felony murder statute] proscribes the killing of another person in the course of committing rape or robbery or kidnapping or arson, etc. Where the offense to be proved does not include proof of a rape -- for example, where the offense is a killing in the perpetration of a robbery -- the offense is of course different from the offense of rape, and the Government is correct in believing that cumulative punishments for the felony murder and for a rape would be permitted under Blockburger. In the present case, however, proof of rape is a necessary element of proof of the felony murder, and we are unpersuaded that this case should be treated differently from other cases in which one criminal offense

- 5 -

requires proof of every element of another offense. There would be no question in this regard if Congress, instead of listing the six lesser included offenses in the alternative, had separately proscribed the six different species of felony murder under six statutory provisions. It is doubtful that Congress could have imagined that so formal a difference in drafting had any practical significance, and we ascribe none to it. To the extent that the Government's argument persuades us that the matter is not entirely free of doubt, the doubt must be resolved in favor of lenity.

445 U.S. at 693-94 (citations and footnote omitted).

When I apply the Supreme Court of Virginia's reasoning in Coleman v. Commonwealth, 261 Va. 196, 200-01, 539 S.E.2d 732, 734 (2001), which appears to be at variance with Whalen, I must conclude that in this case, although a conviction under Code § 18.2-250.1 requires proof of possession of marijuana and a conviction under Code § 18.2-474.1 may be proved by delivery of marijuana (and, thus, necessarily possession), the latter conviction does not require proof of possession (i.e., it also may be proved by an attempt to deliver or conspiracy to deliver, which was not the proof in this case). Thus viewed, the possession of marijuana cannot be deemed a lesser-included offense of Code § 18.2-474.1. For these reasons, I concur in affirming the conviction.