FRANK, Judge.
Kelly Marie Logan (appellant) was convicted in a bench trial of delivering marijuana to a prisoner, in violation of Code § 18.2-474.1. She argues on appeal that the trial court erred in denying her motion to dismiss the charge on double jeopardy grounds. Finding no violation of double jeopardy principles, we affirm the conviction of delivering marijuana to a prisoner.
On December 22, 2002, appellant confessed to delivering marijuana to a prisoner in the Sussex prison. She was charged with a misdemeanor of possessing marijuana, in violation of Code § 18.2-250.1, and with a felony of delivering marijuana to a prisoner, in violation of Code § 18.2-474.1. On March 6, 2003, the General District Court for Sussex County accepted appellant’s guilty plea to the misdemeanor and her waiver of a preliminary hearing on the felony. The grand jury certified the felony conviction on March 11, 2003. Appellant did not appeal the misdemeanor.
Appellant filed a motion to dismiss the felony charge. She argued that double jeopardy principles precluded conviction of the felony delivering charge because she was previously convicted of the misdemeanor possession charge based on the same evidence and the possession charge is a lesser-included offense of the felony offense. The trial court heard the evidence on the offense, convicted appellant of the felony, and then denied the motion to dismiss. The court opined that Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), did not apply to this case.
*506 On appeal, appellant argues possession of marijuana is a lesser-included offense of Code § 18.2-474.1, delivering marijuana to a prisoner. She asks that the felony offense, which is the only offense before us on appeal, be reversed as that conviction violates double jeopardy protections against being punished twice for the same act. We find that possession of marijuana is not a lesser-included offense of Code § 18.2-474.1.
Blockburger held, in part:
The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not. Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421[, 422], 55 L.Ed. 489 [ (1911) ], and authorities cited. In that case this court quoted from and adopted the language of the Supreme Court of Massachusetts in Morey v. Commonwealth, 108 Mass. 433 [ (1871) ]: “A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the.other.” Compare Albrecht v. United States, 273 U.S. 1, 11-12 [, 47 S.Ct. 250, 253-54, 71 L.Ed. 505 (1927) ], and cases there cited.
Id. at 304, 52 S.Ct. at 182. In applying this test, the courts examine the offenses as codified, without reference to the particular facts of the case. Coleman v. Commonwealth, 261 Va. 196, 200, 539 S.E.2d 732, 734 (2001). Therefore, in order to evaluate appellant’s claim, we must consider the elements of the crimes involved.
Code § 18.2-474.1 provides:
any person who shall willfully in any manner deliver, attempt to deliver, or conspire with another to deliver to any prisoner confined under authority of the Commonwealth of Virginia, or of any political subdivision thereof, any drug *507 which is a controlled substance regulated by the Drug Control Act in Chapter 34 of Title 54.1 or marijuana, shall be guilty of a Class 5 felony.
Appellant argues this statute is the equivalent of Code § 18.2-248,[1] which criminalizes distribution of controlled substances. She contends, as possession[2] is a lesser-included offense of distribution of a controlled substance, according to Austin v. Commonwealth, 33 Va.App. 124, 531 S.E.2d 637 (2000), then possession of marijuana is a lesser-included offense of delivering marijuana to a prisoner. However, her analysis ignores a substantial difference between the distribution and delivering statutes.
In order to manufacture, sell, give, distribute, or possess a controlled drug, which is an element of the crime of distribution under Code § 18.2-248, “necessarily encompasses proof of the possession of that same controlled substance.” Id. at 129, 531 S.E.2d at 639. In proving a defendant manufactured, sold, gave, distributed, or possessed the controlled substance, the prosecution must prove that defendant possessed the substance. The same analysis does not apply to Code § 18.2-474.1.
The crime of delivering a controlled substance to a prisoner does not require proof of possession. Under Code § 18.2-474.1, while a defendant is guilty if she actually delivers drugs in her possession to a prisoner, a defendant is also guilty of delivery to a prisoner if the evidence proves an attempt to deliver drugs or a conspiracy to deliver drugs. In such cases, the Commonwealth need not prove actual possession of the drugs, only that the defendant attempted or conspired to deliver drugs to the prisoner. Neither attempt nor conspiracy to deliver the marijuana requires proof that the defendant actually possessed marijuana. See Lewis v. Commonwealth, *508 15 Va.App. 337, 341, 423 S.E.2d 371, 374 (1992) (“[A]ctual possession of the contraband is not required to establish the offense” of attempt to deliver marijuana to a prisoner in violation of Code § 18.2-474.1.); Fortune v. Commonwealth, 12 Va.App. 643, 647, 406 S.E.2d 47, 48-49 (1991) (noting conspiracy has two elements: (1) the actus reus, an agreement between people, and (2) the mens rea, the intent to achieve an unlawful act). As a defendant can take sufficient acts toward the conspired or attempted delivery without actually possessing marijuana, possession of marijuana is not a lesser-included offense of delivering under the Blockburger test.
We affirm the felony conviction.

Affirmed.

. Code § 18.2-248 criminalizes, in part, the "[m]anufacturing, selling, giving, distributing or possessing” of a controlled substance "with intent to manufacture, sell, give or distribute a controlled substance.”

. Code § 18.2-250.1 states, "It is unlawful for any person knowingly or intentionally to possess marijuana____”