COURT OF APPEALS OF VIRGINIA


Present:   Judges Humphreys, Felton and Haley


ATIYA T. WOODEN

MEMORANDUM OPINION[*] BY
v.        Record No. 2722-04-1                    JUDGE WALTER S. FELTON, JR.
                                                   FEBRUARY 7, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Mark S. Davis, Judge

(Sonya Weaver Roots; Weaver Law Offices, on brief), for appellant.
Appellant submitting on brief.

(Judith Williams Jagdmann, Attorney General; Denise C. Anderson,
Assistant Attorney General, on brief), for appellee.  Appellee
submitting on brief.


Atiya T. Wooden ("appellant") was convicted, following a bench trial, of selling heroin in

violation of Code § 18.2-248.  On appeal, she argues the evidence was insufficient to find her guilty

of the sale of heroin.  Appellant also contends the trial court erred in admitting the heroin into

evidence.  Finding no error, we affirm appellant's conviction.

BACKGROUND

"Under familiar principles of appellate review, we view the evidence and all reasonable

inferences fairly deducible from that evidence in the light most favorable to the Commonwealth, the

party that prevailed below."  Banks v. Commonwealth, 41 Va. App. 539, 543, 586 S.E.2d 876, 877

(2003).  Consistent with this principle, the evidence shows that Detective G.B. Smith and Officer

Natal of the Portsmouth Police Department were conducting a "spotting operation" on January 8,

2003, at the Chestnut Square Apartments complex in the City of Portsmouth, an area known for

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

high drug trafficking.[1] From their individual vantage points, Detective Smith and Officer Natal observed appellant standing in front of one of the buildings in the complex at approximately 7:55 a.m. Detective Smith saw appellant conversing with a man on a bicycle, later identified as Frank Thorne. Thorne flagged down an approaching vehicle and briefly spoke with the passenger, Sylvester Parks. As Detective Smith and Officer Natal watched, Thorne pointed towards the building where appellant was standing. Parks exited the vehicle, and the two men walked toward appellant.

After a brief conversation, appellant and the two men walked between two of the apartment buildings - out of the sight of Detective Smith. However, Officer Natal's vantage point permitted him to view the area between the buildings where appellant and the two men retreated. During the 15 to 20 seconds appellant, Thorne, and Parks were conversing between the buildings, Officer Natal saw Parks remove U.S. currency from his pocket and hand it to appellant. Officer Natal then observed appellant place the money in her pocket and hand Parks a capsule. After the exchange, appellant and Thorne returned to their previous positions. Parks entered the passenger side of the vehicle in which he had arrived and left the area.

Detective Smith immediately alerted the arrest team and relayed his observations. At 7:58 a.m., three minutes after Officer Natal observed the hand-to-hand transaction between appellant and Parks, Officer Johnson executed a traffic stop of the vehicle in which Parks was a passenger. Based on the information received, Officer Johnson approached the passenger side of the vehicle, opened the door, and initiated contact with Parks. During this encounter, Officer Johnson saw Parks bring his clenched right hand down toward his boot in an attempt to drop a capsule into his boot. However, the capsule got caught in the cuff of Parks' pant leg. Officer

---

[1] Both Detective Smith and Officer Natal used binoculars to assist them with their observations.

Johnson placed Parks under arrest and seized the capsule, which subsequently tested positive for heroin. Appellant was not arrested until April 22, 2004, over a year after the events observed by Detective Smith and Officer Natal took place.[2]

At appellant's September 16, 2004 trial, the Commonwealth introduced a certificate of analysis for the capsule into evidence, as well as the capsule of heroin. Appellant objected to the admission of the heroin capsule on the basis that it had not been made available for inspection in accordance with the discovery order previously entered by the trial court. She noted that on the day her counsel viewed the Commonwealth's evidence, the heroin capsule was locked in a vault at the Circuit Court for the City of Portsmouth. The discovery order directed the Commonwealth to provide appellant with the opportunity to view the heroin capsule prior to trial. It is not disputed that the Commonwealth failed to inform appellant's counsel of the capsule's location, and did not notify appellant's counsel when it was returned to the Commonwealth's possession.[3] After hearing appellant's objections, the trial court offered appellant a continuance. Appellant declined, and the trial court admitted the heroin capsule into evidence.

## ANALYSIS

Appellant first argues the evidence is insufficient to support her conviction for sale of heroin because the Commonwealth did not establish that she had ever possessed the heroin capsule recovered from Parks.

"When the sufficiency of the evidence is challenged on appeal, we determine whether the evidence, viewed in the light most favorable to the prevailing party, the Commonwealth, and the

---

[2] Appellant does not assert that she was prejudiced by the 15-month delay between the observed hand-to-hand transaction and her arrest.

[3] The heroin capsule had been used as evidence in another trial.

reasonable inferences fairly deducible from that evidence support each and every element of the charged offense." Haskins v. Commonwealth, 31 Va. App. 145, 149-50, 521 S.E.2d 777, 779 (1999). "The credibility of the witnesses and the weight accorded the evidence are matters solely for the [trial court] who has the opportunity to see and hear that evidence as it was presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). We must affirm the conviction "unless plainly wrong or without evidence to support it." Shackleford v. Commonwealth, 262 Va. 196, 209, 547 S.E.2d 899, 906 (2001).

"To establish [sale or] distribution of a controlled substance, the Commonwealth must prove that the [accused] knew the nature and character of the materials [s]he was charged with distributing." Austin v. Commonwealth, 33 Va. App. 124, 129-30, 531 S.E.2d 637, 639 (2000). The Commonwealth "must [also] prove that [the accused] possessed the substance" prior to its sale or distribution. Logan v. Commonwealth, 43 Va. App. 504, 507, 600 S.E.2d 133, 134 (2004). However, possession of a controlled substance by a seller or distributor may be inferred when the same type of narcotic is found on the buyer moments after the occurrence of a sale or distribution transaction. See, e.g., Bunch v. Commonwealth, 225 Va. 423, 437, 304 S.E.2d 271, 279 (1983) (holding "strict proof of identity of stolen goods [is] not required" when a person is in "possession of goods of the type stolen"); see also Cook v. Commonwealth, 214 Va. 686, 687-88, 204 S.E.2d 252, 253 (1974) (holding that the "identity of stolen property which is incapable of strict proof is not required to be strictly proved 'where the possession is *very recent*'" (quoting Gravely v. Commonwealth, 86 Va. 396, 401, 10 S.E. 431, 432-33 (1889))).

Viewed in the light most favorable to the Commonwealth, the record reflects Officer Natal observed appellant hand Parks a capsule in exchange for an undetermined amount of U.S. currency at 7:55 a.m. Three minutes later, at 7:58 a.m., Officer Johnson recovered a capsule from the cuff of Parks' pant leg. Given the relatively brief time period between Officer Natal's

observation of the hand-to-hand exchange between appellant and Parks, and the seizure of a capsule from the cuff of Parks' pant leg, the trial court could have reasonably inferred that the capsule recovered from Parks' pant cuff was the same capsule appellant handed Parks three minutes earlier. See State v. Alvarado, 773 A.2d 958, 962 (Conn. App. Ct. 2001).[4] We find the totality of the evidence supports the trial court's judgment that appellant sold heroin to Parks in violation of Code § 18.2-248.

Appellant also contends the trial court erred in admitting the heroin capsule into evidence because the Commonwealth failed to comply with the discovery order. The Commonwealth concedes it violated the discovery order. However, it argues the trial court did not err in admitting the heroin capsule because appellant declined the trial court's offer to order a continuance, and appellant's defense was not unduly prejudiced thereby.

"The relief to be granted upon a violation of Rule 3A:11[5] is within the discretion of the trial court, giving due regard to the right of the accused to . . . investigate and evaluate the evidence in preparation for trial." Lane v. Commonwealth, 20 Va. App. 592, 595, 459 S.E.2d 525, 527 (1995). "In certain cases, a court may ensure this right only by granting a continuance to allow the accused an opportunity to assess and develop the evidence for trial." Id. (citing Frye v. Commonwealth, 231 Va. 370, 383-84, 345 S.E.2d 267, 277 (1986)).

---

[4] The Connecticut appellate court concluded

> that despite [a] short delay between the time of [a hand-to-hand transaction] and the time of the [buyer]'s arrest, the [fact finder] reasonably could have inferred that the small white object that [police] observed the defendant give to the [buyer] was the same small white object, later determined by a toxicologist to be cocaine, that was found on the [buyer] only two to four minutes later . . . .

Alvarado, 773 A.2d at 962.

[5] Rule 3A:11 provides for pretrial discovery in felony cases.

Here, the trial court offered appellant a continuance and stated it would allow appellant to reopen the evidence "so that th[e] issue is fully vetted." Appellant declined. Her decision to move forward with the trial constituted a waiver of her objection to the trial court's decision to admit the heroin capsule into evidence. See Bennett v. Garrett, 132 Va. 397, 402, 112 S.E. 772, 773 (1922) (noting that "[b]y failing to . . . ask for the postponement or continuance, [appellant] waived the point"). Moreover, appellant's "counsel was unable to suggest to the trial court how" viewing the heroin capsule prior to trial "would have benefited [her] defense." Davis v. Commonwealth, 230 Va. 201, 204, 335 S.E.2d 375, 377 (1985). See also Lane, 20 Va. App. at 595, 459 S.E.2d at 527 (finding that admission of an undisclosed statement did not unjustly prejudice appellant's presentation of his defense because appellant declined to move for a remedy that would have permitted him to accommodate his defense). "When a discovery violation does not prejudice the substantial rights of the [accused], a trial court does not err in admitting undisclosed evidence." Davis, 230 Va. at 204, 335 S.E.2d at 377.

For the foregoing reasons, we affirm appellant's conviction.

Affirmed.