COURT OF APPEALS OF VIRGINIA

Present: Judges Causey, Raphael and Senior Judge Clements

TYREON LAMONT SLOAN

v.      Record No. 1013-24-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION*
PER CURIAM
OCTOBER 28, 2025

FROM THE CIRCUIT COURT OF GREENSVILLE COUNTY
W. Edward Tomko, III, Judge

(Crawford Ellsworth; Randall & Bruch PC, on brief), for appellant.

(Jason S. Miyares, Attorney General; David A. Stock, Senior
Assistant Attorney General, on brief), for appellee.


Following a jury trial, the trial court convicted Tyreon Lamont Sloan of first-degree murder, attempted first-degree murder, and two counts of use of a firearm in the commission of a felony. The trial court sentenced Sloan to life imprisonment plus 16 years with no time suspended. On appeal, Sloan contends that the trial court erred by denying his "motion for sanctions, including the exclusion of Oyahme Powell's testimony, because Oyahme Powell was not timely disclosed as a witness by the Commonwealth as required by the [c]ourt's discovery order." He further asserts that the evidence was insufficient to support his convictions because the Commonwealth failed to prove he was the perpetrator. Finally, he argues that the sentence the trial court imposed "is unconstitutional as it is cruel and unusual punishment." Finding no merit to Sloan's arguments, we affirm the trial court's judgment.[1]

---

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Having examined the briefs and record in this case, the panel unanimously agrees that oral argument is unnecessary because "the dispositive issue or issues have been authoritatively

BACKGROUND[2]

Late at night, on August 2, 2022, Tavon Harris and Isaiah Surratt walked to a house in Emporia to purchase marijuana. They walked by Sloan and Oyahme Powell on their way. Surratt knew Sloan and knew of Powell. As they neared the street, Surratt heard a gunshot. Surratt turned and saw Sloan holding a gun pointed in his direction. Surratt heard a second shot coming from the other direction and turned to see Powell pointing a gun at Harris. Surratt and Harris ran, and Sloan and Powell pursued. Surratt and Harris split up as they ran down the street and Surratt heard more gunfire.

Surratt hid behind a house and lost sight of Harris. From his hiding spot, Surratt heard Harris yell, "no," and then heard one final gunshot. When police arrived at the scene, they found Harris on a porch gasping for air. Harris suffered a gunshot wound to his chest and died from his injuries.

Scared, Surratt did not contact the police until the next day. When he did contact the police, he initially stated that he did not know who shot at him and Harris. Later that day, however, Surratt told the police that Sloan was involved in the shooting. Surratt testified that he changed his mind because his "brother's murder was left unsolved and [he] didn't want Tavon to go through the same thing." He identified himself and Harris on videos taken from nearby buildings on the night of the shooting.

---

decided, and the appellant has not argued that the case law should be overturned, extended, modified, or reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b).

[2] "On appeal, 'we review the evidence in the "light most favorable" to the Commonwealth,' the prevailing party below." *Diaz v. Commonwealth*, 80 Va. App. 286, 295 (2024) (quoting *Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc)). "That principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" *Id.* (quoting *Kelly v. Commonwealth*, 41 Va. App. 250, 254 (2003) (en banc)).

The Commonwealth called Powell as a witness at Sloan's trial. Sloan objected to Powell being called as a witness because the Commonwealth did not disclose Powell as a witness until only seven business days before trial. Before trial, the parties had agreed to a discovery order which required the Commonwealth to disclose a written list of the witnesses it expected to testify at least ten business days before trial. The trial court, however, overruled Sloan's objection, finding that the Commonwealth had provided Powell's statements to Sloan before the discovery order deadline. Further, the trial court found that Sloan did not argue or demonstrate that he was prejudiced by the late notice. Powell testified that he did not know Surratt or Harris, but that he did know Sloan. When asked if Sloan had told him anything about the shooting, Powell stated that he had not.

At the conclusion of the Commonwealth's case, Sloan moved to strike the evidence, arguing that Surratt's testimony was inherently incredible because he had made inconsistent statements to the police. The trial court denied the motion, Sloan did not present evidence, and the jury found him guilty of the charged offenses. Sloan appeals.

ANALYSIS

I.

"Whether to grant relief 'upon a violation of Rule 3A:11 [governing discovery] is within the discretion of the trial court, giving due regard to the right of the accused . . . to investigate and evaluate the evidence in preparation for trial.'" *Harvey v. Commonwealth*, 76 Va. App. 436, 472-73 (2023) (second alteration in original) (quoting *Frye v. Commonwealth*, 231 Va. 370, 383 (1986)). Sloan argues that the "Commonwealth's failure to disclose Powell as a witness prejudiced [his] case." Beyond his bare assertion, however, Sloan fails to demonstrate how he was prejudiced by the late disclosure of Powell as a witness. He asserts, without explanation, that the "prejudice to [him] was made apparent when Powell testified in a manner that was more favorable to [Sloan] than the statement that was provided in discovery."

- 3 -

"In evaluating whether a trial court abused its discretion, . . . '[this Court does] not substitute [its] judgment for that of the trial court. Rather, [this Court] consider[s] only whether the record fairly supports the trial court's action.'" *Diaz v. Commonwealth*, 80 Va. App. 286, 304-05 (2024) (alterations in original) (quoting *Carter v. Commonwealth*, 293 Va. 537, 543 (2017)). "The abuse-of-discretion standard [also] includes review to determine that the discretion was not guided by erroneous legal conclusions." *Id.* at 305 (alteration in original) (quoting *Carter*, 293 Va. at 543-44). "Only when reasonable jurists could not differ can we say an abuse of discretion has occurred." *Lambert v. Commonwealth*, 70 Va. App. 740, 749 (2019) (quoting *Thomas v. Commonwealth*, 44 Va. App. 741, 753, *adopted upon reh'g en banc*, 45 Va. App. 811 (2005)). "That standard means that the [trial] court judge's 'ruling will not be reversed simply because an appellate court disagrees.'" *Fields v. Commonwealth*, 73 Va. App. 652, 672 (2021) (quoting *Thomas*, 44 Va. App. at 753).

"When a discovery violation does not prejudice the substantial rights of the defendant, a trial court does not err in admitting undisclosed evidence." *Lane v. Commonwealth*, 20 Va. App. 592, 595 (1995) (quoting *Davis v. Commonwealth*, 230 Va. 201, 204 (1985)). "[A]lthough '[t]he relief to be granted upon a violation of Rule 3A:11 is within the discretion of the trial court,' the court must give 'due regard to the right of the accused to call for evidence in his favor and to investigate and evaluate the evidence in preparation for trial.'" *Clark v. Commonwealth*, 78 Va. App. 726, 757 (2023) (second alteration in original) (quoting *Frye*, 231 Va. at 383).

We need not decide whether the trial court erroneously admitted the contested testimony because any such error was harmless. "A nonconstitutional error is harmless if 'it plainly appears from the record and the evidence given at trial that the error did not affect the verdict.'" *Scott v. Commonwealth*, 18 Va. App. 692, 695 (1994) (quoting *Lavinder v. Commonwealth*, 12 Va. App. 1003, 1005 (1991) (en banc)). "An error does not affect a verdict if a reviewing court can conclude,

without usurping the [fact finder's] function, that had the error not occurred, the verdict would have been the same." *Id.* Here, Sloan has failed to demonstrate that the admission of Powell's testimony prejudiced him or that the jury was unfairly influenced by his testimony, which he concedes was favorable to him. Accordingly, we find no abuse of discretion with the trial court's admission of the testimony.

II.

"On appeal, we review the evidence in the 'light most favorable' to the Commonwealth." *Clanton v. Commonwealth*, 53 Va. App. 561, 564 (2009) (en banc) (quoting *Commonwealth v. Hudson*, 265 Va. 505, 514 (2003)). "This well-settled principle of appellate review 'requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom."'" *Wandemberg v. Commonwealth*, 70 Va. App. 124, 133 (2019) (quoting *Camp v. Commonwealth*, 68 Va. App. 694, 698 (2018)).

Sloan asserts that the Commonwealth failed to prove he was the perpetrator. "At trial, the Commonwealth bears the burden of proving the identity of the accused as the perpetrator beyond a reasonable doubt." *Cuffee v. Commonwealth*, 61 Va. App. 353, 364 (2013) (quoting *Blevins v. Commonwealth*, 40 Va. App. 412, 423 (2003)). On appeal, we review the trier of fact's determination regarding the identity of the criminal actor in the context of "the totality of the circumstances." *Brown v. Commonwealth*, 37 Va. App. 507, 523 (2002) (quoting *Satcher v. Commonwealth*, 244 Va. 220, 249 (1992)).

Here, Surratt testified with certainty that Sloan, whom Surratt knew, was one of the shooters. The "conclusions of the fact finder on issues of witness credibility 'may only be disturbed on appeal if this Court finds that [the witness's] testimony was "inherently incredible, or so contrary to human experience as to render it unworthy of belief."'" *Johnson v.*

*Commonwealth*, 58 Va. App. 303, 315 (2011) (quoting *Robertson v. Commonwealth*, 12 Va. App. 854, 858 (1991)). "To be 'incredible,' testimony 'must be either so manifestly false that reasonable men ought not to believe it, or it must be shown to be false by objects or things as to the existence and meaning of which reasonable men should not differ.'" *Lambert*, 70 Va. App. at 759 (quoting *Juniper v. Commonwealth*, 271 Va. 362, 415 (2006)). "Where credibility issues are resolved by the jury in favor of the Commonwealth, those findings will not be disturbed on appeal unless plainly wrong." *Henderson v. Commonwealth*, 77 Va. App. 250, 270 (2023) (quoting *Smith v. Commonwealth*, 56 Va. App. 711, 718 (2010)).

"When the law says that it is for triers of the facts to judge the credibility of a witness, the issue is not a matter of degree." *Smith*, 56 Va. App. at 718 (quoting *Swanson v. Commonwealth*, 8 Va. App. 376, 379 (1989)). As long as a "witness deposes as to facts[,] which, if true, are sufficient to maintain their verdict, then the fact that the witness' credit is impeached by contradictory statements affects only the witness' credibility; contradictory statements by a witness go not to competency but to the weight and sufficiency of the testimony." *Id.* (alteration in original) (quoting *Swanson*, 8 Va. App. at 379). "If the trier of the facts sees fit to base the verdict upon that testimony there can be no relief in the appellate court." *Id.* at 718-19 (quoting *Swanson*, 8 Va. App. at 379).

As its verdicts indicate, the jury specifically believed Surratt's testimony and found him a credible and reliable witness. Surratt explained that he did not initially reveal Sloan as one of the shooters because he was afraid and did not want to be considered a "snitch." Further, Surratt's testimony was corroborated in part by the surveillance videos showing him and Harris at the apartment complex. Surratt's positive identification of Sloan as one of the shooters provided the jury with sufficient evidence to find Sloan guilty of the charged offenses. The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a

reasonable doubt that Sloan was guilty of first-degree murder, attempted first-degree murder, and two counts of use of a firearm in the commission of a felony.

III.

Sloan argues that his sentence was disproportionate and constitutes cruel and unusual punishment. "If a sentence imposed is within the statutory limits fixed by the legislature, the assumption is that the sentence will not be disturbed on appeal." *Guest v. Commonwealth*, 78 Va. App. 187, 192 (2023) (quoting *Bassett v. Commonwealth*, 13 Va. App. 580, 582 (1992)). This is the extent of our substantive sentencing review "[a]bsent an alleged statutory or constitutional violation." *Taylor v. Commonwealth*, 77 Va. App. 149, 176-77 (2023) (alteration in original) (quoting *Minh Duy Du v. Commonwealth*, 292 Va. 555, 563 (2016)). "Criminal sentencing decisions are among the most difficult judgment calls trial judges face. . . . Such decisions—if within the lawful boundaries of applicable sentencing statutes and constitutional limitations—are vested in the sound discretion of trial judges, not appellate judges." *Minh Duy Du*, 292 Va. at 563.

Here, the trial court sentenced Sloan to the statutory maximum sentence set by the General Assembly. *See* Code §§ 18.2-10, -26, -32, -53.1. Accordingly, Sloan's sentence "was within the statutory range, and our task is complete." *See Thomason v. Commonwealth*, 69 Va. App. 89, 99 (2018).

We note that this Court declines to engage in a proportionality review in cases that do not involve life sentences without the possibility of parole. *Cole v. Commonwealth*, 58 Va. App. 642, 653-54 (2011). We stated in *Cole* that the Supreme Court of the United States "has never found a non-life 'sentence for a term of years within the limits authorized by statute to be, by itself, a cruel and unusual punishment' in violation of the Eighth Amendment." *Id.* at 653. (quoting *Hutto v. Davis*, 454 U.S. 370, 372 (1982) (per curiam)); c*f. Vasquez v. Commonwealth*,

291 Va. 232, 243 (2016) (rejecting Eighth Amendment challenge to 133-year active sentence because the sentence was imposed for "eighteen separate crimes").

Finally, to the extent Sloan argues that prior case law was wrongly decided, we note that the interpanel-accord doctrine provides that a decision of a prior panel of this Court "'becomes a predicate for application of the doctrine of stare decisis' and cannot be overruled except by the Court of Appeals sitting en banc or by the Virginia Supreme Court." *Butcher v. Commonwealth*, 298 Va. 392, 397 n.6 (2020) (quoting *Clinchfield Coal Co. v. Reed*, 40 Va. App. 69, 73 (2003)). Accordingly, we do not address this portion of Sloan's argument.

CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment.

*Affirmed.*