## Richmond

### LARRY D. HOWARD

v.

### COMMONWEALTH OF VIRGINIA

March 6, 1981.

Record No. 800413.

Present: Carrico, C.J., Harrison, Cochran, Poff, Compton, Thompson, JJ.,
and Harman, S.J.

*Paul B. Kerr, III (Short, Short, Telstad & Kerr, P.C.,* on brief), for appellant.

*Robert E. Bradenham, II, Assistant Attorney General (Marshall Coleman, Attorney General,* on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

Tried by the court without a jury on an indictment charging him with attempted sodomy, Larry D. Howard was convicted of taking indecent liberties with a child in violation of Code § 18.2-370 and sentenced to serve three years in the State penitentiary. On appeal, he contends that the trial court erred in overruling his motion to quash the indictment for failure to allege an offense, and in convicting him of a crime which, he insists, is not a lesser offense included under the indictment charging attempted sodomy.

The indictment, citing Code §§ 18.2-26 and 18.2-361, charged that Howard on or about June 27, 1979, "feloniously and by force did attempt to carnally know G........ T.... ..., thirteen years of age, by the anus". Code § 18.2-361 provides that "[i]f any person shall by force carnally know any male or female person by the anus or by or with the mouth he or she shall be guilty of a Class 3 felony". Code §18.2-26 classifies for purposes of punishment attempts to commit noncapital felonies.

■ Prior to trial, Howard moved to quash the indictment. Relying on *Cunningham* v. *Commonwealth*, 88 Va. 37, 13 S.E. 309 (1891), he argued, as he did on appeal, that the indictment was invalid because it failed to allege an overt, ineffectual act in the attempt to commit sodomy. There is no merit in this argument. *Cunningham,* an attempted rape case, held that it was necessary for the indictment to charge an act done towards the commission of the offense. *Id.* at 39, 13 S.E. at 310. However, this holding was based upon the wording of Section 3888 of the 1887 Code, which provided specified punishment for a person "who attempts to commit an offense, and in such attempt *does any act towards its commission".* (Emphasis added). The present statutes contain no such language. *See, e.g.,* Code §§ 18.2-25 and 18.2-26.

■ To sustain a conviction of an attempted crime, the evidence must establish a specific intent to commit the crime and an overt but ineffectual act committed in furtherance of the criminal purpose. *Nobles* v. *Commonwealth*, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). But it is no longer necessary to include in the indictment an allegation of every fact in the chain of circumstances comprising the offense charged. *See Ward* v. *Commonwealth*, 205 Va. 564, 568, 138 S.E.2d 293, 296 (1964). In the present case, the indictment did not merely charge "attempted sodomy" but paralleled the language of the relevant substantive statute and followed the illustrative short-form indictment for an attempted felony included in Form 5 of the Appendix of Forms contained in Part Three A of the Rules of Court. There was no suggestion that Howard did not understand the nature of the charge against him. As the indictment named the accused, described the offense charged and cited the applicable statutes, identified the city in which the offense was committed, and recited that Howard committed the offense on or about a certain date, it met the requirements of Code § 19.2-220 and Rule 3A:7(a). *Cf. Wilder* v. *Commonwealth*, 217 Va. 145, 225 S.E.2d 411 (1976), where the language used in the indictment failed to charge an offense.

At trial, the chief witness for the Commonwealth was the thirteen-year-old child named in the indictment as the victim. She testified that on June 27, 1979, she was visiting a cousin in Newport News. That afternoon, while she was in the hall of the apartment house where her cousin lived, Howard, who was another cousin of hers, pulled down the top of her sundress and touched her breast. When she "hollered", Howard put his hand over her mouth. She resisted. He then turned her around, held her facing the wall, pulled her dress up and her underpants down, pulled his pants "halfway" down and

unzipped them, placed his penis against her buttocks and tried to put it in her "behind". She turned sideways and Howard released her.

At the conclusion of the presentation of evidence by the Commonwealth, the trial court *sua sponte* ruled that the evidence was insufficient to prove attempted sodomy and reduced the charge to taking indecent liberties with a child in violation of § 18.2-370. Howard objected to this action of the trial court, arguing that violation of that statute is not a lesser-included offense of attempted sodomy. After the court overruled his motion to strike the Commonwealth's evidence, Howard testified in his own defense and denied the child's allegations.

Code § 18.2-370 provides in part:

> Any person eighteen years of age or over, who, with lascivious intent, shall knowingly and intentionally:
> (1) Expose his . . . sexual or genital parts to any child under the age of fourteen years . . .; or
> (2) In any manner fondle or feel, or attempt to fondle or feel, the sexual or genital part of any such child, or the breast of any such female child; . . . shall be guilty of a Class 6 felony.

Howard argued for the first time on appeal that lascivious intent is not an element of the offense of attempted sodomy and that "taking indecent liberties" therefore is not a lesser-included offense of that crime. He relied upon *Ashby* v. *Commonwealth,* 208 Va. 443, 158 S.E.2d 657 (1968), *cert. denied,* 393 U.S. 1111 (1969), in which we held that indecent exposure with lascivious intent was not a lesser-included offense of sodomy. The Commonwealth, while arguing that this contention was not presented in the trial court and should now be barred by Rule 5:21, also maintained that the requirement of lascivious intent is implicit in the words "carnally know" in the definition of sodomy in § 18.2-361. We find it unnecessary to decide either the procedural or the substantive question.

■ The trial court's ruling that the evidence was insufficient to prove attempted sodomy constituted an acquittal of Howard on that charge. However, the court expressed the opinion that the evidence was sufficient to prove assault and battery, a misdemeanor. The Assistant Commonwealth's Attorney then argued that the felony of taking indecent liberties with a child, as defined in § 18.2-370, was a lesser-included offense of attempted sodomy. After expressing doubt as to the validity of this argument, the trial court nevertheless reduced the charge to a violation of the provisions of § 18.2-370. Defense counsel,

relying upon *Ashby,* moved that the charge be dismissed. The Assistant Commonwealth's Attorney contended that *Ashby,* an indecent exposure case based in part upon a violation of Code § 18.1-214 (Repl. Vol. 1960), the provisions of which are now included in § 18.2-370(1), was distinguishable from the present case in which the evidence showed that Howard fondled or touched the child's breast in violation of § 18.2-370(2). When defense counsel asserted that touching the breast had nothing to do with sodomy or attempted sodomy, the trial court replied that touching of the buttocks with the penis "certainly would", and overruled the motion to dismiss, to which ruling defense counsel noted an exception.

The Commonwealth's position in the court below was that by fondling or feeling the child's breast, Howard had violated § 18.2-370(2), and that this was a lesser-included offense for which he could be convicted under the indictment charging attempted sodomy. On appeal, the Commonwealth's position was that Howard had violated § 18.2-370(2) by placing his penis on the child's buttocks, and that this was a lesser-included offense of attempted sodomy. The trial court did not make it clear which of the two acts was the basis for the conviction. So we must determine whether either act was a violation of § 18.2-370(2) and, if so, whether such violation was a lesser-included offense of attempted sodomy.

The physical acts proscribed by § 18.2-370(2) are limited to the fondling or feeling of the genitals of a child under fourteen years of age or the breast of such female child. Therefore, while the trial court may have been correct in concluding that Howard's touching of the child's buttocks with his penis was related to attempted sodomy, this act, reprehensible as it was, was not a violation of § 18.2-370(2), the statutory offense of which Howard was convicted.[1]

Fondling or feeling a child's breast with lascivious intent is, of course, a violation of the express provisions of § 18.2-370(2), but it is not a lesser-included offense of attempted sodomy. An offense is not lesser-included within another, if it contains at least one necessary element not required to prove the other. *Roderick Cecil Jones* v. *Commonwealth,* 218 Va. 757, 759, 240 S.E.2d 658, 660, *cert. denied,* 435 U.S. 909, 439 U.S. 892 (1978). *See Ashby,* 208 Va. at 446, 158 S.E.2d at 659. In the present case, evidence of feeling the breast of the girl with lascivious intent was a necessary element to prove a violation of § 18.2-370(2), but it is not required to prove attempted

---

[1] The Commonwealth has never suggested that Code § 18.2-370(4), concerning a proposal to commit an act of sodomy, might apply.

sodomy.[2] Thus, the trial court could not properly have convicted Howard of the violation of § 18.2-370(2) as lesser-included within the offense of attempted sodomy charged in the indictment.

For the reasons assigned, the judgment order will be reversed and the case will be remanded for such further proceedings as may be appropriate, provided that Howard, having been acquitted on the charge of attempted sodomy, may not be retried for that offense.

*Reversed and remanded.*

---

[2] For conviction of attempted sodomy, as charged in the indictment, there must have been proof of some attempted contact with the anus of the victim.