COURT OF APPEALS OF VIRGINIA

Present: Judges Baker, Coleman and Elder
Argued at Richmond, Virginia

CHARLES NORMAN THOMPSON

MEMORANDUM OPINION[*] BY
v.          Record No. 0475-95-2          JUDGE LARRY G. ELDER
                                          FEBRUARY 27, 1996
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
John F. Daffron, Jr., Judge

Dana L. Gay (Duty, Duty & Gay, on brief), for
appellant.

Patricia L. McKenney, Assistant Attorney
General (James S. Gilmore, III, Attorney
General, on brief), for appellee.

Charles Norman Thompson (appellant) appeals his conviction

for attempted distribution of cocaine in violation of Code

§ 18.2-26, contending that sufficient evidence did not support

the conviction.  We disagree and affirm the conviction.

"'It is well established that an attempt is composed of two

elements:  [1] the intention to commit the crime, and [2] the

doing of some direct acts towards its consummation which is more

than mere preparation but falls short of execution of the

ultimate purpose.'"  Lewis v. Commonwealth, 15 Va. App. 337, 339,

423 S.E.2d 371, 373 (1992)(quoting Sizemore v. Commonwealth, 218

Va. 980, 983, 243 S.E.2d 212, 213 (1978)).  Appellant contends

that the evidence was insufficient to prove either of these

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

elements.  We disagree.

Familiar standards of appellate review guide our analysis. "On appeal, we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom."  Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).  "The judgment of a trial court . . . will not be set aside unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it."  Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990)(en banc).  The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely for the fact finder's determination.  Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

Intent:

"Intent may, and most often must, be proven by circumstantial evidence[,] and the reasonable inferences to be drawn from the proven facts are within the province of the trier of fact."  Fleming v. Commonwealth, 13 Va. App. 349, 353, 412 S.E.2d 180, 183 (1991)(citation omitted).  "Intent may be shown by a person's conduct and by his statements."  Long v. Commonwealth, 8 Va. App. 194, 198, 379 S.E.2d 473, 476 (1989). When the "evidence of intent is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable

hypothesis of innocence.'" Dukes v. Commonwealth, 227 Va. 119, 122, 313 S.E.2d 382, 382 (1984)(citation omitted).

We hold that the Commonwealth presented sufficient credible evidence to prove beyond a reasonable doubt that appellant intended to distribute cocaine to the undercover officers. Appellant's conduct and statements provided the trial court with only one reasonable inference to be drawn from the facts and circumstances. Appellant directed the officers to the back of the apartment building; appellant approached the officers and asked them what they needed; appellant told the officers, "we got some good crack in here;" and appellant took forty dollars from Officer Knott for a desired amount of cocaine. Appellant then handed Officer Tozko his wrist-watch as "security" before going to another part of the building, presumably to retrieve the cocaine. Appellant also told the officers, "my man is making it right now, and it'll take about two minutes. He makes some killer crack with 85 percent cocaine and the rest whatever holds it together."

Acts beyond mere preparation:

To prove an attempt, "[t]he evidence must prove 'an overt but ineffectual act committed in furtherance of the criminal purpose.'" Lewis, 15 Va. App. at 339, 423 S.E.2d at 373 (quoting Howard v. Commonwealth, 221 Va. 904, 906, 275 S.E.2d 602, 603 (1981)).

In this case, appellant committed multiple direct acts

3

toward the consummation of distribution of cocaine.  As the Commonwealth contends, appellant performed all necessary steps to complete the offense except for the actual presentation of the cocaine.  Appellant actively participated in an encounter with the undercover officers behind the apartment building; he described the cocaine to the officers; he made an offer to the officers; he accepted payment for the cocaine; he left his wrist-watch as collateral while he went to retrieve the cocaine; and he gave assurances that the cocaine would be ready for delivery in a few minutes.  The trial court reasonably inferred from the circumstances that the only reason the last step of the transaction was not completed was because a third person recognized the officers and privately informed appellant of their status.

It matters not, as appellant argues, that he did not actually possess any cocaine during the series of events.  Lewis, 15 Va. App. at 341, 423 S.E.2d at 374.  Appellant's unequivocal actions went beyond mere preparation to distribute cocaine; his direct actions amounted to a commencement of the consummation of the sale of cocaine to the officers.  See United States v. Mandujano, 449 F.2d 370 (5th Cir. 1974), cert. denied, 419 U.S. 1114 (1975).

Accordingly, we affirm appellant's conviction.

Affirmed.