## CIRCUIT COURT OF THE CITY OF SALEM

Commonwealth of Virginia

 v.

Christopher Sutter Sumner

December 3, 2004

Case No. CR04-330

BY JUDGE ROBERT P. DOHERTY, JR.

The General District Court, *sua sponte*, after the presentation of all evidence and without the agreement of the parties or the request of either, amended a driving under the influence warrant to reckless driving and convicted the Defendant. Defendant has appealed that decision, claiming that the District Court does not have the authority to amend the warrant to charge an offense that is not a lesser included offense, and thus his conviction of reckless driving is void. He further argues that the decision of the trial court not to convict him of the DUI offense, but instead to amend the warrant to a different charge was an acquittal of the DUI charge. The Commonwealth claims that the General District Court's decision to amend the warrant was proper pursuant to § 16.1-129.2, Code of Virginia (1950), as amended. The Court finds in favor of the Defendant.

The authority of the District Court to amend warrants or place new charges is contained in § 16.2-129.2. The District Court may amend a warrant to correct defects or faults it finds in the form of the document or to charge a lesser included offense. However, an amendment to a warrant cannot change the nature and character of the offense originally charged. If the District Court believes that a different offense should be charged other than the one contained in the warrant, it may, pursuant to § 16.1-129.2, "issue under its own hand [a] warrant reciting the offense and requiring the defendant in the

original warrant to be arrested and brought before him." See also *Raja v. Commonwealth*, 40 Va. App. 710, 720-23 (2003).

When it amended the warrant from DUI to reckless driving, the District Court changed the nature and character of the offense. Reckless driving is not a lesser included offense of DUI. It is instead a separate and distinct crime. *Spickard v. City of Lynchburg*, 174 Va. 502 (1940). Without the issuance of a new warrant, the Defendant could not be tried or found guilty of reckless driving. Once the District Court heard the evidence in the DUI case and amended the warrant in order to find the Defendant guilty of reckless driving, that finding necessarily constituted an acquittal of the DUI charge. *Howard v. Commonwealth*, 221 Va. 904 (1981). Accordingly, the current charge against the defendant now on appeal is dismissed.