# CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

David Dipietro

April 22, 2009

Case No. MI-2009-192

BY JUDGE RANDY I. BELLOWS

This case presents the following situation. A defendant is charged by summons with a traffic offense. He appears for trial before the General District Court and is tried on that traffic offense. At the close of the trial and without his consent, he is convicted not of the offense for which he is tried, nor of a lesser included offense, but of a different offense entirely. Significantly, at no point prior to trial was a new warrant issued by the General District Court in accordance with the procedures described in Virginia Code § 16.1-129.2. He appeals his conviction to the Circuit Court. This raises two questions which this opinion resolves: first, was the defendant implicitly acquitted in the General District Court of the offense with which he was originally charged? For the reasons stated below, this Court answers that question in the affirmative. Second, may the defendant now be tried in the Circuit Court on the offense for which he was actually

convicted? For the reasons stated below, the Court finds that he may not be tried on that offense in the Circuit Court. Therefore, the case now pending is dismissed.

*Facts*

The pertinent facts are undisputed and can be summarized as follows. On December 2, 2008, the defendant was stopped on a public roadway of Fairfax County and given a summons for Improper Lane Change, in violation of Virginia Code § 46.2-804, which reads as follows: "A vehicle shall be driven as nearly as is practicable entirely within a single lane and shall not be moved from that lane until the driver has ascertained that such movement can be made safely." Va. Code Ann. § 46.2-804(2) (2005 & Supp. 2008); see also Fairfax County, Va., Code § 82-1-6 (2008).

The matter was tried in the Fairfax General District Court on January 29, 2009. The parties do not dispute that, at the close of all the evidence, the defendant was not convicted of Improper Lane Change but, rather, was convicted of Failure to Give Full Time and Attention to the Operation of the Vehicle, in violation of § 82-4-24 of the Fairfax County Code. That offense reads as follows: "No person shall operate a motor vehicle upon the highways of this County without giving his full time and attention to the operation of the vehicle." Fairfax County, Va., Code § 82-4-24 (2008). Nor do the parties dispute that the defendant did not consent to his conviction on this uncharged offense.

The defendant filed a timely appeal, and the matter came before this Court for trial on March 19, 2009. After hearing all the evidence, the Court took the matter under advisement to determine whether the matter must be dismissed for reasons further articulated below. The charge of "Improper Lane Change" was not formally amended on its face until that was done by this Circuit Court Judge at the request of the Commonwealth at the trial of this matter on March 19, 2009. However, the summons does reflect the action of the General District Court on January 29, 2009, in convicting the defendant of Failure to Give Full Time and Attention. The specific issue which the Court needed to resolve was this: is the offense of Failure to Give Full Time and Attention a lesser included offense of Improper Lane Change. On March 26, 2009, Assistant Commonwealth's Attorney John J. Murray advised the Court that he had been unable to find legal authority to justify or support the position that Failure to Give Full Time and Attention is a lesser included offense of Improper Lane Change.

At the outset, the Court notes two well-established principles of law arising out of our *de novo* system for the adjudication of certain offenses, such as those now before the Court. First, where a defendant is acquitted of an offense in the General District Court, but convicted of a lesser included offense, he cannot be retried on the greater offense in the Circuit Court. *See Buck v. City of Danville*, 213 Va. 387, 388, 192 S.E.2d 758 (1972); *Peak v. Commonwealth*, 171 Va. 535, 541, 199 S.E. 473 (1938). Second, where a defendant is acquitted of a greater offense but convicted of the lesser offense in the General District Court, he may be retried on the lesser offense in the Circuit Court. *See Bass v. Commonwealth*, 209 Va. 422, 424-25, 164 S.E.2d 667 (1968).

Here, the defendant was not convicted of a lesser offense because, as the Commonwealth concedes, there is no support for the position that Failure to Give Full Time and Attention is a lesser included offense of Improper Lane Change. Nevertheless, the fact that the defendant was tried on Improper Lane Change but never convicted of Improper Lane Change, but rather of a different offense, constitutes an implicit acquittal on the charge of Improper Lane Change. Although the Court could find no appellate decision precisely on point, the principle that "conviction in district court for an offense lesser included in the one charged constitutes an acquittal of the greater offense. . . ." *Kenyon v. Commonwealth*, 37 Va. App. 668, 674, 561 S.E.2d 17 (2002), applies with equal force where a defendant is charged with, and tried upon, one offense but convicted of another offense. Thus, the defendant cannot be tried in the Circuit Court on the offense of Improper Lane Change.

The Court would note that, when this matter was presented to this Court during its misdemeanor appeals docket of March 19, 2009, the Court initially concluded that the Improper Lane Change charge was properly before the Court, which is the offense that the defendant stated he believed he was appealing to the Circuit Court and for which he was prepared for trial. The Court heard all the evidence on that charge and concluded that there was sufficient evidence to support a finding of guilt on that offense. However, the Court entered no finding of guilt because, after hearing further argument, it concluded that further briefing was required to determine what charge was properly before the Court.

That leaves the question of whether the defendant can be tried in the Circuit Court on the offense of Failure to Give Full Time and Attention. The Court concludes that he cannot, for the reason that there is no charging instrument properly before this Court upon which the defendant could be

tried. "A *de novo* hearing [in the Circuit Court] means a trial anew, and perfection of an appeal to the circuit court for trial *de novo* 'annuls the former [district court] judgment as completely as if no trial had ever occurred'." *Id*. at 674 (quoting *Ledbetter v. Commonwealth*, 18 Va. App. 805, 810-11, 447 S.E.2d 250 (1994)). In essence, the defendant's appeal of his conviction for Failure to Give Full Time and Attention wipes out that conviction, and leaves the defendant to be tried on the offense with which he was charged. However, the offense with which this defendant was charged was Improper Lane Change; the fact that he was implicitly acquitted of that charge prevents his retrial on that offense in the Circuit Court. As to the charge of Failure to Give Full Time and Attention, he was neither charged with that offense nor tried on that offense. Thus, there is no charge before the Court upon which this defendant may now be tried in the Circuit Court. The Court has considered and rejected the applicability of Virginia Code § 16.1-129, which reads in part as follows: "Every offense of which a court not of record is given jurisdiction under this title may be tried upon a warrant; or the judge of such court may, in his discretion, make an examination into the offense and proceed according to the provisions of Chapter 7 (§ 19.2-71 et seq.) of Title 19.2." Section 19.2-71 states that "[p]rocess for the arrest of a person charged with a criminal offense may be issued by the judge, or clerk of any circuit court, [or] any general district court. . . ." The Court does not read these provisions as applicable to the instant case. In this respect, the issue presented is very different than the situation where a defendant appeals his conviction on a lesser-included offense. While it is true that, in both situations, there is no underlying charging instrument listing the actual offense of conviction, that is where the similarity ends; a lesser-included offense is always a sub-species of the offense with which the defendant was actually charged. Here, while both the underlying charge and the ultimate offense of conviction involve driving offenses, neither is a lesser-included offense of the other. Thus, a court cannot refer back to the original underlying charge and see within it the elements of the offense of conviction now on appeal.

This Court could locate only one case precisely on point. In *Commonwealth v. Sumner*, 66 Va. Cir. 266 (2004), Circuit Court Judge Robert P. Doherty, Jr., was faced with essentially the identical situation now before this Court. As described by Judge Doherty, "the General District Court [judge], *sua sponte* . . . and without the [consent] of the parties . . . amended a driving under the influence warrant to reckless driving and convicted the defendant." *Id*. at 266. On appeal, the defendant asserted "that the District Court [did] not have the authority to amend the warrant to an offense that is not a lesser included offense, and [that the] conviction of Reckless Driving

[was] void" and also constituted "an acquittal on the [Driving Under the Influence] charge." *Id*. The Court ruled for the defendant and dismissed the charge on appeal to the Circuit Court. The Court held:

> The authority of the District Court to amend warrants or place new charges is contained in § 16.1-129.2. The District Court may amend a warrant to correct defects or faults it finds in the form of the document or to charge a lesser included offense. However, an amendment to a warrant cannot change the nature and character of the offense originally charged. If the District Court believes that a different offense should be charged other than the one contained in the warrant, it may, pursuant to § 16.1-129.2, "issue under its own hand [a] warrant reciting the offense and requiring the defendant in the original warrant to be arrested and brought before him." *See also Raja v. Commonwealth*, 40 Va. App. 710, 720-23, 581 S.E.2d 237 (2003).
>
> When it amended the warrant from DUI to reckless driving, the District Court changed the nature and character of the offense. Reckless driving is not a lesser included offense of DUI. It is instead a separate and distinct crime. *Spickard v. City of Lynchburg*, 174 Va. 502, 6 S.E.2d 610 (1940). Without the issuance of a new warrant, the Defendant could not be tried or found guilty of reckless driving. Once the District Court heard the evidence in the DUI case and amended the warrant in order to find the Defendant guilty of reckless driving, that finding necessarily constituted an acquittal of the DUI charge. *Howard v. Commonwealth*, 221 Va. 904, 275 S.E.2d 602 (1981). Accordingly, the current charge against the defendant now on appeal is dismissed.

*Id.*

For the same reasons cited by Judge Doherty, this Court grants the defendant's motion to dismiss the case.