COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Alston and Senior Judge Clements
Argued at Richmond, Virginia


ANTOINE J. DeSILVA

                                                            MEMORANDUM OPINION[*] BY
v.        Record No. 2796-08-2                          JUDGE LARRY G. ELDER
                                                                 OCTOBER 27, 2009

COMMONWEALTH OF VIRGINIA


                        FROM THE CIRCUIT COURT OF HENRICO COUNTY
                                      Daniel T. Balfour, Judge

              Dennis M. Martin (Harrell & Chambliss LLP, on brief), for
              appellant.

              Kathleen B. Martin, Senior Assistant Attorney General (William C.
              Mims, Attorney General, on brief), for appellee.


       Antoine J. DeSilva (appellant) appeals from his jury trial convictions for one count of

attempted robbery in violation of Code §§ 18.2-58 and –26 and one count of use of a firearm in the

attempted commission of robbery in violation of Code § 18.2-53.1. On appeal, he argues that the

evidence was insufficient to convict him for the underlying felony of attempted robbery. Because

the evidence, viewed in the light most favorable to the Commonwealth, does not prove that

appellant intended to steal personal property from the victim, we reverse his convictions.

       When a person challenges the sufficiency of the evidence, we must view the evidence in the

light most favorable to the Commonwealth and give the evidence all reasonable inferences fairly

deducible therefrom. Dowden v. Commonwealth, 260 Va. 459, 461, 536 S.E.2d 437, 438 (2000).

Further, a jury's verdict should not be disturbed on appeal unless the verdict was plainly wrong

----

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

or without evidence to support it.  Stockton v. Commonwealth, 227 Va. 124, 145-46, 314 S.E.2d 371, 385 (1984).

"When the Commonwealth relies upon circumstantial evidence, the circumstances proved must be consistent with guilt and inconsistent with innocence.  It is not sufficient that the circumstances proved create a suspicion of guilt, however, strong, or even a probability of guilt."  Commonwealth v. Hudson, 265 Va. 505, 513, 578 S.E.2d 781, 785 (2003).  "'While no single piece of evidence may be sufficient, the combined force of many concurrent and related circumstances, each insufficient in itself, may lead a reasonable mind irresistibly to a conclusion.'"  Dowden, 260 Va. at 470, 536 S.E.2d at 443 (quoting Stamper v. Commonwealth, 220 Va. 260, 273, 257 S.E.2d 808, 818 (1979)).

"It is well established that an attempt is composed of two elements:  the intention to commit the crime, and the doing of some overt act towards its consummation which is more than mere preparation, but falls short of execution of the ultimate purpose."  Sizemore v. Commonwealth, 218 Va. 980, 983, 243 S.E.2d 212, 213 (1978).  Robbery is a common law crime defined as the "taking, with intent to steal, of the personal property of another, from his person or in his presence, against his will, by violence or intimidation."  Pierce v. Commonwealth, 205 Va. 528, 532, 138 S.E.2d 28, 31 (1964).  "The robber must have a fraudulent intent, and must intend to deprive the owner permanently of his property."  Id. at 532-33, 138 S.E.2d at 31.  Thus, in order to sustain a conviction for "attempted robbery, also a common law offense," the Commonwealth must prove that the accused 1) "'intended to steal personal property from the victim, against his will, by force, violence or intimidation[;]'" and 2) "'committed a direct, but ineffectual act to accomplish the crime.'"  Jay v. Commonwealth, 275 Va. 510, 524-25, 659 S.E.2d 311, 319 (2008) (quoting Pitt v. Commonwealth, 260 Va. 692, 695, 539 S.E.2d 77, 78-79 (2000)).

The indictment upon which appellant was tried alleged that he "did feloniously attempt to rob Jeffery White of United States currency, in violation of § 18.2-26 and § 18.2-58 of the Code of Virginia." Further, the Commonwealth argued at trial and on brief on appeal that appellant and his accomplice intended to rob White. To convict appellant on this indictment, the Commonwealth's evidence must show that White was the intended victim of appellant's felonious purpose. See Ethridge v. Commonwealth, 210 Va. 328, 330, 171 S.E.2d 190, 191-92 (1969) (noting that when the Commonwealth chooses to allege a fact in an indictment that is unnecessary under a particular statute, "it [has] the burden of establishing that fact").

On appeal, appellant argues the circumstantial evidence does not support a finding that he possessed the intent to deprive White of his personal property.[1] Appellant contends that his conduct does not unequivocally demonstrate such present intent because he did not demand any money from White. Instead, appellant suggests his demand that White continue ringing the access bell evinces an intent to accomplish some other purpose, such as larceny from the restaurant. Appellant avers that, so long as the precise nature of his intentions toward White remains ambiguous the circumstantial evidence does not exclude every reasonable hypothesis of innocence.

"Intent in fact is the purpose formed in the person's mind, which may be shown by circumstances surrounding the offense, including the person's conduct and his statements." Nobles v. Commonwealth, 218 Va. 548, 551, 238 S.E.2d 808, 810 (1977). Those direct, ineffectual acts that constitute an attempt may also provide evidence relevant to determining whether the accused acted with the requisite intent to commit the crime charged. See Sizemore, 218 Va. at 983-85, 243 S.E.2d at 214-15; Parsons v. Commonwealth, 32 Va. App. 576, 582, 529

---

[1] Appellant further argues that the evidence did not sufficiently identify him as one of the masked assailants. Because we reverse his convictions based on insufficient evidence of intent, we need not reach the merits of this claim.

S.E.2d 810, 813 (2000). However, those "act[s] must not be equivocal in nature." Lewis v. Commonwealth, 15 Va. App. 337, 340, 423 S.E.2d 371, 373 (1992).

Here, the uncontested evidence proves that on September 20, 2007, White exited the Ruby Tuesday Restaurant where he was employed. Even though the restaurant was closed to the public for the evening, several employees remained inside to clean the building. White returned to the restaurant to retrieve his keys, but could not get the attention of the employees to let him back inside. Due to the restaurant's security system, White could gain entry only through the supply truck entrance located in the back of the restaurant by ringing a bell installed outside to alert the employees inside that someone required access into the building.

As White rang the bell, he noticed two men wearing all black and ski masks walk towards him. One of the men put a gun to White's neck and told him "to keep ringing the bell," and "everything would be okay." White complied with the order. A few minutes later, one of the cooks walked around from the side of the restaurant and told White to come inside. White further testified that he "was about to tell [the assailants] to just take what [he] had on [him] and leave," but refrained from doing so once the cook called out to him. White backed up toward the front entrance and saw the assailants "just standing there." Neither assailant demanded money from White or made an effort to further restrain him as he walked away.

Even though the evidence was sufficient to prove that appellant took some direct, ineffectual act towards the commission of some crime, it proved no conduct or statement by appellant indicating an intent to deprive White of his personal property, thereby satisfying the elements of the felony of attempted robbery as charged in the indictment. Indeed, appellant's demand that White continue ringing the bell tends to "negate[] any inference that he conceived an intent to rob [White]" contemporaneously. Branch v. Commonwealth, 225 Va. 91, 95, 300 S.E.2d 758, 760 (1983). The sole purpose of the bell was to alert the employees inside the

restaurant to the presence of someone outside wishing to gain entrance. Thus, the evidence clearly proved appellant and his accomplice intended to gain entry into the restaurant.

However, the evidence fails to establish whether appellant had any additional criminal intent involving White *beyond* using him to gain entry. Appellant's demand that White continue ringing the bell did not exclude the hypothesis that appellant acted with an additional intent toward White, such as the intent to demand personal property from White once they had reached the relative safety of the restaurant's interior. However, a mere *failure to exclude* the hypothesis that appellant acted with the intent to rob White does not constitute the requisite proof beyond a reasonable doubt that appellant *in fact* acted with such an intent. Because the reasonable hypothesis remained that appellant either (1) harbored no additional criminal intent involving White beyond gaining entry into the restaurant or (2) harbored an intent toward White that did not involve robbing him, such as using him as a hostage to coerce those inside to relinquish the property of the restaurant, the evidence failed to exclude all reasonable hypotheses of appellant's innocence as to the charge of attempting to rob White. Cf. Lewis, 15 Va. App. at 341, 423 S.E.2d at 374 (reversing the defendant's conviction where the evidence supported the inference that he intended either to deliver marijuana to a prisoner—the crime charged—or to fraudulently receive money from the prisoner with no intention of actually delivering the contraband). Even though White testified that he "was about to tell [the assailants] to just take what [he] had on [him] and leave," he did not communicate this subjective intent to the assailants, and his uncommunicated intent is not relevant to the issue of the accused's intent on the facts of this case. See Anderson v. Commonwealth, 52 Va. App. 501, 507, 664 S.E.2d 514, 517 (2008) (inquiring into the victim's subjective fear only when determining whether the defendant used force or intimidation, directed at the particular victim, to accomplish the taking of personal property).

Appellant had some nefarious intent when he demanded that White continue pushing the access bell, but the evidence establishing the precise nature of that intent is equivocal at best and does not prove beyond a reasonable doubt that appellant intended to deprive White of his personal property.

Because we reverse appellant's attempted robbery conviction, we must necessarily reverse the conviction for use of a firearm during the commission of attempted robbery under Code § 18.2-53.1. "Under the plain language of Code § 18.2-53.1, there can be no conviction for use or attempted use of a firearm when there has been no commission of one of the predicate offenses enumerated in that statute." Jay, 275 Va. at 527, 659 S.E.2d at 321; see Bundy v. Commonwealth, 220 Va. 485, 488, 259 S.E.2d 826, 828 (1979).

Because the evidence as a whole, viewed in the light most favorable to the Commonwealth, does not prove beyond a reasonable doubt that appellant intended to deprive White of his personal property, we reverse and dismiss his conviction for attempted robbery. Accordingly, we also reverse and dismiss appellant's conviction of use of a firearm during the attempted commission of robbery.

Reversed and dismissed.