COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Kelsey
Argued at Richmond, Virginia


NEIL WAYNE HOUNSHELL, S/K/A
  NEIL WAYNE HOUNSHELL, II
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 2558-09-2                      JUDGE ROBERT P. FRANK
                                                       NOVEMBER 9, 2010
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF PRINCE GEORGE COUNTY
                          James F. D'Alton, Jr., Judge

              (Amanda Nicole Mann; Law Offices of David L. Cloninger, on
              brief), for appellant.  Appellant submitting on brief.

              Craig W. Stallard, Assistant Attorney General (Kenneth T.
              Cuccinelli, II, Attorney General, on brief), for appellee.


       Neil Wayne Hounshell, s/k/a Neil Wayne Hounshell, II, appellant, was convicted, in a bench

trial, of possession with the intent to distribute Methadone, in violation of Code § 18.2-248,

possession with the intent to distribute Diazepam, in violation of Code § 18.2-248, and two counts

of attempt to deliver to a prisoner a controlled substance, in violation of Code § 18.2-474.1.  On

appeal, appellant challenges the sufficiency of the evidence for all four charges.  For the reasons

stated, we find no error and affirm the judgment of the trial court.

                                    BACKGROUND

       On January 16, 2009, appellant reported to the Petersburg jail annex to serve his sentence on

weekends.  Upon arrival, he was strip searched to insure he had no contraband on his person.

Before the search, appellant voluntarily turned over his medications to a sergeant at the jail, but he

_____
       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

denied having any contraband in his possession. Deputy Robert Eroh, who conducted the search, found a baggie in appellant's underwear. The baggie contained tobacco products and some blue and white pills. Seven Diazepam pills and one Methadone hydrochloride pill were recovered.

When confronted with the pills at the time they were found, appellant said he needed them because of a prior military injury. Appellant produced no prescriptions for these pills.

Several days later,[1] appellant told Sergeant C.H. Hill that he brought the pills into the jail annex because he had spoken with a friend who had previously been incarcerated in the annex. The friend told appellant that if he brought "stuff" in for other inmates, time in the jail would "go a lot easier." At trial, the sergeant indicated appellant would have been placed in isolation and would not have had contact with other inmates.

Appellant admitted at trial he had no prescriptions for the pills found in his underwear. He did have prescriptions for Suboxone, Lunesta, and Carbamazepine. Appellant testified he takes these medications to help him sleep and to prevent him from going through withdrawal from pain medication. As to the pills found in his underwear, appellant explained he brought them to the jail from his home because he was running late to report to jail and could not get to the pharmacy. The pills belonged to his wife, who took similar medications. He stated he only took the quantity needed for his weekend incarceration.

Appellant explained he did not turn in these medications when he arrived at the jail and that he did conceal them because, on a prior occasion, the jail personnel did not administer the medications to him. Further, appellant denied any intention of distributing those drugs because he needed them for himself. He also denied telling Sergeant Hill that if he brought drugs into the jail, he would have an easier confinement. However, he did admit he understood jail procedure regarding turning in medications and tobacco products, and he chose to violate those rules.

_____

[1] Sergeant Hill's written notes were dated March 7, 2009.

The trial court rejected appellant's trial testimony, found the Commonwealth's evidence sufficient to prove appellant's guilt, and convicted appellant of the four offenses.

This appeal follows.

ANALYSIS

On appeal, appellant contends the evidence was insufficient to prove he intended to distribute the drugs in the jail annex.[2]

"'On review of a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the Commonwealth, the prevailing party, and grant to it all reasonable inferences fairly deducible therefrom.'" Hagy v. Commonwealth, 35 Va. App. 152, 157, 543 S.E.2d 614, 616 (2001) (quoting Robertson v. Commonwealth, 31 Va. App. 814, 820, 525 S.E.2d 640, 643 (2000)).  In considering such an appeal, we presume the judgment of the trial court to be correct and reverse only if the trial court's decision is plainly wrong or without evidence to support it.  Davis v. Commonwealth, 39 Va. App. 96, 99, 570 S.E.2d 875, 876-77 (2002).

Further, we will not "substitute our judgment for that of the trier of fact, even were our opinion to differ." Wactor v. Commonwealth, 38 Va. App. 375, 380, 564 S.E.2d 160, 162 (2002). "Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original).  "This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.

"[T]he credibility of witnesses and the weight to be accorded their testimony are questions for the fact finder, and '[w]hen the sufficiency of the evidence is attacked, the

---

[2] Appellant conceded at trial and on appeal that he possessed the drugs in question.

judgment of the trial court sitting without a jury is entitled to the same weight as a jury verdict.'" Saunders v. Commonwealth, 242 Va. 107, 113, 406 S.E.2d 39, 42 (1991) (quoting Evans v. Commonwealth, 215 Va. 609, 613, 212 S.E.2d 268, 271 (1975)).

Under Code § 18.2-248(A), "it shall be unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance." See also Christian v. Commonwealth, 33 Va. App. 704, 716, 536 S.E.2d 477, 483 (2000) (*en banc*) (holding that a person violates Code § 18.2-248(A) when he possesses "the controlled substance contemporaneously with his intention to distribute that substance"). Proof of an accused's "specific intent" to distribute a controlled substance is necessary to sustain a conviction under Code § 18.2-248. See Servis v. Commonwealth, 6 Va. App. 507, 524, 371 S.E.2d 156, 165 (1988) (holding that where an offense consists of an act combined with a particular intent, proof of the intent is essential to the conviction).

Intent is the purpose formed in a person's mind which may, and often must, be inferred from the facts and circumstances in a particular case. Ridley v. Commonwealth, 219 Va. 834, 836, 252 S.E.2d 313, 314 (1979). The state of mind of an accused may be shown by his acts and conduct. Hargrave v. Commonwealth, 214 Va. 436, 437, 201 S.E.2d 597, 598 (1974).

Essentially, appellant's intent argument applies equally to all four offenses. Code § 18.2-474.1, in pertinent part, prohibits any person to willfully deliver, or attempt to deliver to any confined prisoner a controlled drug. While appellant admitted to possessing the contraband in question, he denies having the requisite intent to distribute.

In furtherance of his argument, appellant contends that no evidence proved he intended to deliver the pills to "any prisoner" in the jail annex. He maintains that the evidence is consistent with his testimony that he brought the pills into the jail only for his own use, proving mere possession.

The trial court, however, did not believe appellant's trial testimony, which conflicted with what the trial court called "the more credible version of his statement."

We acknowledge that "a factfinder cannot arbitrarily disregard a reasonable hypothesis of innocence." Cooper v. Commonwealth, 54 Va. App. 558, 573, 680 S.E.2d 361, 368 (2009). However, "'[w]hether an alternate hypothesis of innocence is reasonable is a question of fact and, therefore, is binding on appeal unless plainly wrong.'" Emerson v. Commonwealth, 43 Va. App. 263, 277, 597 S.E.2d 242, 249 (2004) (quoting Archer v. Commonwealth, 26 Va. App. 1, 12-13, 492 S.E.2d 826, 832 (1997)); see also Clanton v. Commonwealth, 53 Va. App. 561, 572-73, 673 S.E.2d 904, 910 (2009) (*en banc*). In this case, the trial judge made a factual determination that appellant's hypothesis of innocence was not reasonable, and we will not disturb that conclusion on appeal.

The evidence revealed that appellant knew of the procedures to turn in prescription medication at the jail annex. He not only failed to follow those procedures, but he also concealed the pills in his underwear. Appellant told Sergeant Hill that he brought the pills into the jail to give to other inmates so his stay would "go a lot easier." While appellant at trial denied making that statement, the trial court rejected appellant's testimony. "A defendant's false statements are probative to show he is trying to conceal his guilt, and thus is evidence of his guilt." Rollston v. Commonwealth, 11 Va. App. 535, 548, 399 S.E.2d 823, 831 (1991) (citing Carter v. Commonwealth, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982)).

The trial court discarded appellant's testimony as to why he concealed the pills and brought them into the jail. Appellant's statement to Sergeant Hill, in itself, is sufficient to prove he brought the drugs into the jail with the intent to distribute them to another prisoner, and not merely for his own use. The trial court accepted Sergeant Hill's testimony that appellant made that admission, and the trial court rejected appellant's explanation at trial. "The credibility of the

witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995) (citing Schneider v. Commonwealth, 230 Va. 379, 382, 337 S.E.2d 735, 736-37 (1985).

Relying on Lewis v. Commonwealth, 15 Va. App. 337, 423 S.E.2d 371 (1992), appellant maintains that his actions amounted to mere preparation and not to an attempt to deliver the drugs to a prisoner. In Lewis, we explained:

> It is well established that an attempt is composed of two elements: the intention to commit the crime, and the doing of some direct act towards its consummation which is more than mere preparation but falls short of execution of the ultimate purpose. Sizemore v. Commonwealth, 218 Va. 980, 983, 243 S.E.2d 212, 213 (1978). The evidence must prove an overt but ineffectual act committed in furtherance of the criminal purpose. Howard v. Commonwealth, 221 Va. 904, 906, 275 S.E.2d 602, 603 (1981).

> It is impossible to formulate a rule which will be a definite and unbending guide in determining what acts constitute preparation and what acts amount to legal attempts. In a general way, however, it may be said that preparation consists in devising or arranging the means or measures necessary for the commission of the offense and that the attempt is the direct movement toward the commission after the preparations are made. Granberry v. Commonwealth, 184 Va. 674, 678, 36 S.E.2d 547, 548 (1946).

Id. at 339-40, 423 S.E.2d at 373 (internal quotations omitted).

Appellant posits that the evidence in this case failed to prove an action done in furtherance of a delivery. However, the facts in Lewis are markedly different from the facts before us on appeal.

In Lewis, the defendant, a jail guard, approached an inmate and proposed that the inmate sell drugs on the guard's behalf. The inmate gave the defendant marked money. Later, defendant was walking toward the inmate compound when he was arrested. No drugs were found on the defendant. We held defendant's actions amounted to no more than preparation. No

evidence proved he ever possessed any drugs, nor that he made any arrangements to secure the drugs. We noted that "[p]reparation alone is not enough, there must be some appreciable fragment of the crime committed, it must be in such progress that it will be consummated unless interrupted by circumstances independent of the will of the attempter, and the act must not be equivocal in nature." Id. at 340, 423 S.E.2d at 373 (quoting People v. Buffum, 256 P.2d 317, 321 (Cal. 1953)). In reversing Lewis's conviction, we concluded that "[w]hile it is not necessary to show that the conduct was thwarted at the instant of consummation, the evidence must prove that the preparation proceeded 'far enough towards the accomplishment of the desired result to amount to the commencement of the consummation.'" Id. (quoting Barrett v. Commonwealth, 210 Va. 153, 156, 169 S.E.2d 449, 451 (1969)).

Unlike Lewis, appellant took all the necessary steps to accomplish his objective of delivering drugs to others in the jail annex. In preparation for reporting to jail, appellant concealed drugs, for which he had no prescription, in his underwear, then entered the jail with those drugs, and failed to report the drugs to jail personnel. But for the strip search, he would have completed his crimes. Appellant went far beyond mere preparation.

The trial court in this case rejected appellant's hypothesis of innocence and concluded that appellant had the intent to distribute drugs in violation of Code § 18.2-248 and the intent to deliver or attempt to deliver drugs to a prisoner in violation of Code § 18.2-474.1. That decision can be overturned only if "no rational factfinder would have come to that conclusion." Haskins v. Commonwealth, 44 Va. App. 1, 9, 602 S.E.2d 402, 406 (2004). In this case, the evidence supports the trial court's finding.

## CONCLUSION

Because the Commonwealth's evidence proved appellant's guilt beyond a reasonable doubt, the trial court did not err in convicting appellant. Therefore, we affirm the judgment of the trial court.

<u>Affirmed.</u>